646 A.2d 748

**Judy A. MOLTZEN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ROCHESTER MANOR), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 22, 1994.

Decided Aug. 16, 1994.

Susan E. Kadilak, for petitioner.

James P. Liekar, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Claimant, Judy A. Moltzen, appeals from the order of the Workmen's Compensation Appeal Board (Board), affirming Referee Cercone's decision terminating her benefits on the basis that she had fully recovered from her work-related injury. The referee found the following facts.

Claimant sustained a compensable injury on August 17, 1989, in the course of her employment as a nurse's aide with

Rochester Manor (Employer). Specifically, she injured her right shoulder and lower back when transferring a patient from his bed to a wheel-chair. Claimant was forty-seven (47) years old at the time of her injury. The Employer issued a notice of compensation payable on October 2, 1989.

On June 14, 1990, Employer filed a petition to terminate Claimant's compensation benefits alleging that she had fully recovered from her injuries, and Claimant answered, stating that she was not fully recovered, and was only capable of light duty work which was not offered to her. At the hearing before the referee, Claimant stated that she would frequently lift one hundred (100) pounds by herself at work, but because of back and knee pain she could no longer do this work, and could not continue as a nurse's aid. The referee found that the Claimant's testimony regarding her work limitations was not credible.

The referee also found the testimony of Claimant's doctor, Michael R. Zernich, M.D., was not credible, but she did credit the testimony of Employer's doctor, Robert Mantica, M.D., who testified that he believed that Claimant had continuing lower back pain, but that this pain was unrelated to the August 17, 1989 injury. He also testified that her knee pains were due to the physical therapy for her injury, which was known as work-hardening. Dr. Mantica examined Claimant's back and found no significant problems, and determined that the x-rays and CT-scans were normal. The referee concluded that Claimant could return to her time-of-injury work, that any continuing pain was not related to her injury on the job, and that she had fully recovered. The Board fully concurred with this conclusion.

On appeal, Claimant argues that the referee had no basis for concluding that the Claimant's back pain as well as the pain caused by tendinitis around the left knee was not caused by the work injury, because the evidence credited by the referee, Dr. Mantica's evidence, does not support this conclusion. Further, because Employer did not prove that the pain, which Dr. Mantica believed she continued to suffer, was unrelated to her work, Employer was not entitled to terminate

her benefits, but only entitled to suspend benefits, and then only if Claimant's time-of-injury job was available.

An employer petitioning for termination of benefits must prove that claimant's disability has ceased or that any remaining disability is no longer the result of a work-related injury. *McFaddin v. Workmen's Compensation Appeal Board (Monongahela Valley Hospital)*, 153 Pa.Commonwealth Ct. 252, 620 A.2d 709 (1993). If the referee accepts the evidence that the claimant still suffers continued pain from the work-related injury, despite the fact that the medical expert testifies that the claimant may return to work without restrictions, then the claimant's disability has not ceased, and a finding of full recovery would not be supported by substantial evidence. *Rogers Motor Lines, Inc. v. Workmen's Compensation Appeal Board (Baker)*, 144 Pa.Commonwealth Ct. 493, 601 A.2d 934 (1992). Without full recovery, an employer is not entitled to terminate benefits. Where a referee determines that a claimant suffers a residual disability, despite finding that he or she may return to her pre-injury job, then a claimant's benefits may be suspended with a showing of job availability. *Zimcosky v. Workmen's Compensation Appeal Board (United States Steel Corp.)*, 118 Pa.Commonwealth Ct. 209, 544 A.2d 1106 (1988).

Initially, we must note that our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Questions of credibility, resolution of conflicting medical testimony, and the weight to be given evidence are all matters to be decided by the referee. It is within the referee's discretion to accept or reject the testimony of any witness in whole or in part. *Ruhl v. Workmen's Compensation Appeal Board (Erie County Geriatric Center)*, 102 Pa.Commonwealth Ct. 374, 518 A.2d 345 (1986).

Here, the referee credited Dr. Mantica, who testified that he believed that Claimant suffered continuing pain in her

back, but that usually a muscular sprain injury, such as Claimant experienced, heals within four to six weeks, and therefore he believed this pain was not a consequence of her work-related injury. (R. at 16a.) As it was within the referee's discretion to accept this testimony, we hold that her finding that Claimant's back pain was not work-related is supported by substantial evidence.

However, the referee also found that Dr. Mantica attributed Claimant's major complaint, the pain in her left knee, to a course of work hardening which Claimant was undergoing in order to facilitate recovery from the August, 1989 injury. (R. at 7a.) As Dr. Mantica stated, when asked if her tendinitis around the medial aspect of her left knee problem had anything to do with her August, 1989 injury, "My impression was that it was secondary to the stair climbing exercise that she was doing in her physical therapy program." (R. at 12a.)

Our Supreme Court has held that when a Claimant in good faith seeks medical treatment for a work-related injury and the medical treatment itself either aggravates the existing injury or causes new or additional injury, the law regards the new injury as having been caused by the original accident, and compensation is payable for the disability associated with the aggravation or new injury. *Workmen's Compensation Appeal Board v. Ira Berger & Sons*, 470 Pa. 239, 368 A.2d 282 (1977).[1]

1. Moreover, we held in *Samih Berro v. Workmen's Compensation Appeal Board (Terminix International, Inc.)*, 165 Pa.Commonwealth Ct. 298, 645 A.2d 342 (1994), that when physical therapy is part of the treatment for a work-related injury, a beneficiary who was driving to his physical therapy appointment and met with a automobile accident, sustained a compensable injury, causally-related to his employment. We stated *"[b]ut for* driving to his physician for treatment of his earlier work-related injury, Claimant would not have been in a position to be involved in the accident which caused his further injuries." *Id.*, at 304, 645 A.2d at 345. Thus, under this analysis, 'but for' the previous work-related injury, Claimant would not have been receiving physical therapy, and would not have been experiencing the continuing pain from tendinitis which Dr. Mantica testified was treated with Motrin and perhaps, eventually, steroid injections. (R. at 18a–19a). Thus, Claimant's tendinitis was causally related to the work-related injury.

Here, Dr. Mantica testified and the referee specifically accepted as fact that Claimant was suffering pain from tendinitis caused by the physical therapy. The physical therapy was prescribed as treatment for her work-related injury. Therefore, the tendinitis and its associated pain were legally caused by the original accident.

A finding of full recovery will not be supported by substantial evidence if the medical expert acknowledges the existence of continued pain from the work-related injury. *McFaddin.* The referee, here, credited Employer's doctor and acknowledged that Claimant still suffered from continuing pain from the tendinitis in her left knee, which we have shown to be a work-related injury. Therefore, the referee's finding that Claimant had fully recovered is not supported by substantial evidence.

As we held in *Graham Architectural Products Corp. v. Workmen's Compensation Appeal Board (Rothrock)*, 152 Pa.Commonwealth Ct. 436, 619 A.2d 404 (1992), if the referee determines that a claimant can return to work and all pain from the work-related injury has not ceased, then a suspension of benefits is in order. A termination of benefits is proper only when the work-related disability ceases entirely. *Sule v. Workmen's Compensation Appeal Board (Kraft, Inc.)*, 121 Pa.Commonwealth Ct. 242, 550 A.2d 847 (1988), *appeal denied*, 522 Pa. 608, 562 A.2d 829 (1988). Therefore, it was error to terminate Claimant's benefits. However, in order for an employer to obtain a suspension of benefits, the employer must show job availability. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Here, no such showing was made because the referee erroneously ruled that Claimant had fully recovered.

Accordingly, we reverse the order terminating Claimant's benefits, and remand for a determination of whether a suspension would be warranted pending a showing of job availability.

Jurisdiction is relinquished.

## ORDER

AND NOW, this 16th day of August, 1994, the order of the Workmen's Compensation Appeal Board is reversed and the case is remanded for a determination of whether a suspension would be warranted pending a showing of job availability.

Jurisdiction is relinquished.