**Shirley PRITCHETT, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Justice Juanita STOUT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 1998.

Decided June 30, 1998.

James J. Muller, Philadelphia, for petitioner.

Michael G. Silver, Philadelphia, for respondent.

Before McGINLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Shirley Pritchett (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed (with a date modification) the decision of the Workers' Compensation Judge (WCJ) granting Justice Juanita Kidd Stout's [1] (Employer) petition for termination of benefits. We affirm. In addition, we deny respondent's request for counsel fees and costs pursuant to Pa. R.A.P. 2744.[2]

Claimant suffered a low back sprain and laceration to her right shin when the table she was standing on collapsed while she was decorating the office Christmas tree on December 4, 1988. She received weekly benefits pursuant to a notice of compensation payable until she signed a final receipt reflecting that she was able to return to work on January 25, 1989. In July, 1989, Claimant was involved in a non-work related auto accident from which she sustained mid and upper back injuries. Claimant entered into a supplemental agreement for compensation for disability with Employer in December, 1989, and began, on or about April, 1990, receiving social security disability benefits as result of the December, 1988, work incident and the July, 1989, auto accident.

In September, 1993, Employer filed a termination petition that was assigned to the WCJ. In support of its termination petition, Employer presented the deposition testimony of Murray Glickman, M.D., a board certified orthopedic surgeon, who had examined Claimant twice, on April 16, 1992, and June 28, 1993. Based upon the two examinations and a review of Claimant's extensive medical records, Dr. Glickman opined that there was nothing to suggest ongoing soft tissue process, radiculopathy or neuropathy. He stated that, as of June 28, 1993, Claimant could return to her normal duties as a secretary without restriction and that there was no further need for any medical care related to the December, 1988, incident.

1. Claimant's employer was actually the Commonwealth of Pennsylvania while Claimant was a judicial secretary for Justice Juanita Kidd Stout.

2. Pa. R.A.P. 2744 states, *inter alia,* that an appellate court may award counsel fees and other costs if it determines that an appeal is frivolous.

Employer also presented the testimony of private investigator Bruce Keyser, who performed surveillance of Claimant. In addition to Mr. Keyser's testimony, the WCJ admitted into evidence surveillance videotape taken by Mr. Keyser of Claimant's activities on March 6 and 7, 1995. This videotape showed Claimant participating in activities which both she and her daughter testified she could not perform.

Claimant submitted the deposition testimony of general practitioner, Conrad King, M.D., who began treating Claimant on December 8, 1988, and continued to treat her through November 4, 1994. Dr. King testified that, as of April, 1993, Claimant remained totally disabled as a result of the injuries she sustained in the December, 1988 work injury.

Claimant also submitted into evidence testimony of Justice Stout taken before the WCJ on April 19, 1995. Justice Stout testified that Claimant had been her secretary for fifteen years, was an exceptional worker, and had moved with her from the Philadelphia Court of Common Pleas to the Pennsylvania Supreme Court. Justice Stout testified that she had seen Claimant one or two times since Claimant stopped working in March, 1989, and thought she was obviously in pain.

The WCJ issued her order on July 26, 1996, terminating Claimant's benefits based upon the testimony of Dr. Glickman that Claimant was fully recovered from her work-related injuries as of June 20, 1993.[3] The WCJ found the testimony of Dr. Glickman more credible and persuasive than that of Dr. King. Further, the WCJ, based on the evidentiary record as a whole, found "Claimant's testimony regarding her complaints of work-related disabling pain and inability to work incredible." (WCJ's decision, p. 9). As a result of these credibility determinations, the WCJ held that Employer had sustained its burden of proving that as of June 28, 1993, all disability in reference to Claimant's

December 4, 1988, work injury had terminated. The WCJ acknowledged Justice Stout's testimony, but made no credibility determination relating to that testimony.

On appeal to the Board, Claimant argued that the termination of her benefits was unsupported by substantial evidence. The Board affirmed the WCJ's termination of Claimant's benefits and corrected the typographical error in the WCJ's order, so that the termination was made effective June 28, 1993, the date of Dr. Glickman's second examination. Claimant appealed to this Court.[4]

Claimant again argues that the WCJ's findings of fact are unsupported by substantial evidence. Further Claimant argues these findings are inconsistent and incomplete. Specifically, Claimant points to the fact that Dr. Glickman testified that Claimant had pain, limited range of motion, and symptom magnification but never testified that those conditions were unrelated to her work injury. Claimant discusses *Moltzen v. Workmen's Compensation Appeal Board (Rochester Manor)*, 166 Pa.Cmwlth. 589, 646 A.2d 748 (1994), which she claims supports the position that when an expert testified that a claimant has pain but never testified that that pain was unrelated to the work injury, the employer had not met its burden that Claimant has fully recovered from the work injury. Claimant misinterprets *Moltzen*. *Moltzen* stands for the proposition that the WCJ must believe evidence that a claimant continues to suffer pain related to her work-related injury in order to issue a suspension rather than a termination. Here, the WCJ did not find credible any evidence that Claimant continued to suffer from such pain, deciding instead to believe Dr. Glickman and finding Claimant's complaints of work-related pain "incredible."

Further, Claimant argues that the WCJ wrongly rejected Claimant's testimony because of the surveillance videotape. Claim-

---

3. The June 20, 1993, date was obviously a typographical error that the Board corrected in its order.

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights

were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

ant argues she testified on January 4, 1995 in regard to what she could and could not do, but the surveillance was not done until March 6 and 7, 1995. Thus, Claimant argues, she could not have contradicted herself and it was error for the WCJ to base Claimant's credibility on testimony that was not inconsistent.

Claimant neglects to point out that there were also inconsistencies between Claimant's testimony regarding what she could and could not do and Claimant's daughter's testimony on those issues. These inconsistencies also provided a basis to support the WCJ's rejection of Claimant's complaints as well as Dr. King's medical opinion. *Newcomer v. Workmen's Compensation Appeal Board (Ward Trucking Corp.)*, 547 Pa. 639, 692 A.2d 1062 (1997)(expert medical opinion based on inaccurate medical record consisting of claimant's personal opinion not substantial evidence of record).

As recognized by the Board, the WCJ here reviewed the entire evidentiary record, accepted the medical testimony and opinions of Employer's medical expert, Dr. Glickman, and rejected the testimony of Claimant's expert Dr. King. Further, the WCJ found the surveillance videotape to negatively impact Claimant's credibility because it showed Claimant engaged in acts inconsistent with her, as well as her daughter's, sworn testimony.

■ The WCJ is the sole trier of fact when the Board takes no additional evidence. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 705 A.2d 1290 (1997). Where, as here, the WCJ reviewed the testimony of both testifying experts, found one more credible than the other and articulated sound reasons for this finding, no appellate reviewer may substitute its credibility determination. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth. 1995). That finding can only be reversed if not supported by substantial, competent evidence or if arbitrary and capricious. *State Workmen's Insurance Fund v. Workmen's Compensation Appeal Board (Hoover)*, 680 A.2d 40 (Pa.Cmwlth.1996).

■ Additionally, Claimant argues the WCJ erred in not making any finding about Employer Justice Stout's credibility. If believed, Claimant argues, Justice Stout's testimony would support a finding that Claimant remains disabled. We disagree. While the WCJ did not issue any specific credibility determinations regarding Justice Stout's testimony, this omission is not fatal to this termination proceeding. Justice Stout's testimony was immaterial as to whether to adopt the opinions of Dr. Glickman as fact and thus the ultimate determination of Claimant's full recovery from her work-related injuries as of June 28, 1993. Justice Stout's testimony, if accepted in its entirety, did not mandate the rejection of Dr. Glickman's medical testimony.

■ Employer also requests that this Court award appeal costs and counsel fees alleging this appeal is a "thinly veiled" attempt to challenge the credibility determinations of the WCJ. An appeal is frivolous for purposes of Pa. R.A.P. 2744(1) if it lacks any basis in law or in fact. *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 680 A.2d 45 (Pa.Cmwlth.1996), *petition for allowance of appeal granted*, 548 Pa. 641, 694 A.2d 625 (Pa.1997).

■ In this appeal Claimant contended that substantial evidence does not support a finding that Claimant recovered from her work injury and that because she had complaints of pain, a termination was an improper result. If these were the only issues raised by Claimant, we would consider an award of attorney's fees because the resolution of these issues clearly rests on the WCJ's credibility determinations. However, Claimant also raised the issue of the WCJ's failure to make a credibility finding regarding Justice Stout's testimony. Although we have resolved this issue against Claimant and for Employer, that issue does take this appeal out of the wholly frivolous category.

Accordingly, we affirm the Board's order, but do not assess an award of attorney's fees against Claimant's counsel.

## ORDER

AND NOW, June 30, 1998, the order of the Workers' Compensation Appeal Board dated November 26, 1997, at No. A96–3018, is affirmed and Employer's request for attorney's fees is denied.