# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lemont Blackmon,                           :
                    Petitioner             :
                                           :
            v.                             :   No. 399 C.D. 2022
                                           :   SUBMITTED: November 14, 2022
Sodexo Global Services (Workers'           :
Compensation Appeal Board),                :
                    Respondent             :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: December 7, 2022**


Lemont Blackmon (Claimant) petitions for review from the order of the Workers' Compensation Appeal Board affirming the opinion and order of the Workers' Compensation Judge (WCJ) that denied his claim for benefits resulting from a motor vehicle accident. The WCJ and Board concluded that the injury did not occur in the course and scope of his employment for Sodexo Global Services (Employer). We affirm.

The facts, pared to the essentials necessary for the disposition of this case, are as follows. Claimant suffered a work-related injury to his right elbow in August 2019 while working for Employer at West Chester University. That injury resulted in no wage loss but required physical therapy, for which Employer issued a medical-only notice of compensation payable. Claimant was receiving physical

therapy several times a week at a facility in Ridley Park. Claimant and Employer reached an agreement by which on days he received therapy he would start work earlier in the day at 5:00 a.m., work some hours, leave for his therapy appointment in Ridley Park, and then be free to do as he pleased for the rest of the workday until his supervisor clocked him out. Claimant was expected to go to therapy as part of his employment to recover from his elbow injury. Claimant would be paid for a full workday, with the understanding that the therapy facility was close to his home in Philadelphia and that to return to West Chester University's campus would leave him with little remaining work time.

On September 20, 2019, after leaving work and going to therapy, Claimant was on his way home, with a brief detour to pick up his dog from a friend's house. After picking up his dog, Claimant was involved in a motor vehicle accident while he was still on the clock at his job but free from further work responsibilities. The accident left him with extensive injuries which prevented his return to work.

Claimant filed a claim for benefits for the injuries sustained in the accident. The WCJ denied that claim because she concluded that his injuries were not work-related. The Board affirmed.

On appeal, Claimant raises a single issue:

> Should an employee injured in an accident while driving home after receiving therapy for a prior work[-]related injury be entitled to compensation benefits where the evidence established that the employee changed his work schedule to come in early to work several hours before going to therapy and the employee was paid for the time period when the accident occurred?

(Claimant's Br. at 4.)

2

Both parties cite this Court's decision in *Berro v. Workmen's Compensation Appeal Board (Terminix International, Inc.)*, 645 A.2d 342 (Pa. Cmwlth. 1994), in support of their respective positions. In *Berro*, this Court determined that a claimant's injury suffered while driving *to* an appointment necessary for treatment as a result of a work-related injury was work-related, and thus "in the course of his employment,"[1] because "*but for* driving to his physician for treatment of his earlier work-related injury, [c]laimant would not have been in a position to be involved in the accident which caused his further injuries." *Id.* at 345 (emphasis in original). The Court reasoned that "it is in the interest of the employer that [c]laimant seek rehabilitation and treatment in order to recover from the initial work-related injury" and that the employer will "clearly benefit by not having to pay compensation as a result of [c]laimant's recovery and return to work." *Id.*

In the present case, Claimant asks us to extend the holding in *Berro* to cover those, like him, who are leaving a therapy appointment necessitated by a work-related injury as an alleged special circumstance in furtherance of the business of Employer. However, as noted by Employer, *Berro* is distinguishable in that that claimant's trip was *to* physical therapy for an earlier work-related injury, and thus qualified for the "special circumstances" exception to the general "going and coming" rule that an employer is not liable for injuries that occur while the employee

---

[1] Section 301(c)(1) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 735, *as amended*, 77 P.S. § 411(1), defines a compensable injury for purposes of the Act as "arising in the course of . . . employment and related thereto" and states that the phrase "'injury arising in the course of . . . employment' . . . shall include . . . injuries sustained . . . in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere." A claimant bears the burden of establishing that the injury arose in the course of employment and was related thereto. *Wachs v. Workers' Comp. Appeal Bd. (Amer. Off. Sys. and Donegal Mut. Ins. Co.)*, 884 A.2d 858, 862 (Pa. 2005).

is traveling off premises.[2]  In the instant case, Claimant had finished his physical therapy appointment and, although being paid, was left to his own devices to do as he pleased.  As a courtesy, Employer paid Claimant's salary for the remainder of the workday to avoid his making a pointless trip back to the West Chester University campus.  However, Claimant's workday was, for all intents and purposes, finished for the day, as he had concluded any activities that could be considered a "special assignment for the employer" or "furthering the business of the employer."  *See Storms v. Workers' Comp. Appeal Bd. (Big Boulder/Jack Frost Ne. Land Co. and EBI Ins. Co.)*, 782 A.2d 20, 23-24 (Pa. Cmwlth. 2001) (claimant injured in motor vehicle accident while traveling to employer-sponsored "family day" picnic at amusement park was subject to "going and coming" rule where attendance at the picnic was not mandatory and loosely restricted and was not subject to "special circumstances" exception because attendance at picnic did not "further[] the business of the employer"); *see also Cooper v. Workers' Comp. Appeal Bd. (Armstrong World Indus., Inc.)* (Pa. Cmwlth., No. 1407 C.D. 2015, filed July 13, 2016), slip op. at 17 (distinguishing *Berro* in the context of denial of unreasonable contest attorney fees because "[h]ere, unlike in *Berro,* [c]laimant's injury did not occur while he was traveling to or in the process of receiving medical treatment when he suffered the unwitnessed fall at nursing center" and claimant was not there with prospect of returning to work).[3]  We agree with Employer that the outcome might

---

[2] "[A]n injury sustained while an employee is going to or coming from work does not occur in the course of employment unless [*inter alia*] . . . (4) special circumstances are such that claimant was furthering the business of the employer."  *Peterson v. Workmen's Comp. Appeal Bd. (PRN Nursing Agency)*, 597 A.2d 1116, 1119 (Pa. 1991).

[3] Under Section 414(a) of the Court's Internal Operating Procedures, an unpublished memorandum opinion, although not binding precedent, may be cited for its persuasive value.  210 Pa.Code § 69.414(a).

4

well be different if Claimant were injured while returning to work.  However, that is not the case here where Claimant had no further obligation to Employer for the rest of the day.

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lemont Blackmon,     :
     Petitioner  :
           :
    v.     :  No. 399 C.D. 2022
           :
Sodexo Global Services (Workers' :
Compensation Appeal Board),  :
     Respondent :

## O R D E R

And now, this 7th day of December, 2022, the Order of the Workers' Compensation Appeal Board is AFFIRMED.

          _____

          **BONNIE BRIGANCE LEADBETTER,**
          President Judge Emerita