IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Broomall,                           :
                    Petitioner             :
                                           :   No. 422 C.D. 2022
                                           :
            v.                             :
                                           :   Submitted: February 7, 2023
Alpha Sintered Metals, LLC (Workers'       :
Compensation Appeal Board),                :
                    Respondent             :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZANNO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: March 3, 2023


        William Broomall (Claimant) petitions for review of the April 6, 2022
decision of the Workers' Compensation Appeal Board (WCAB), which affirmed the
Workers' Compensation Judge's (WCJ) determination that the January 29, 2021 injury
Claimant suffered in falling while exiting his motor vehicle upon arriving home from
a trip to physical therapy for his accepted October 24, 2019 work injury was not
causally related to the October 24, 2019 work injury and, hence, not compensable.
Upon review, we affirm.

## Procedural and Factual History

        On October 24, 2019, Claimant was working as a die setter for Alpha
Sintered Metals, LLC (Employer), when he injured his right shoulder while pulling on
a wrench.  On March 13, 2020, Employer issued a Notice of Compensation Payable

(NCP) for medical treatment only.  As the result of the incident, Claimant underwent surgery, which involved the repair of a right rotator cuff partial retear and subacromial impingement.  Following the surgery, Claimant attended physical therapy.

On January 29, 2021, Claimant was returning home from physical therapy when, as he was getting out of his car, he slipped and fell on his icy driveway sustaining an injury to his left shoulder.  Claimant returned to the therapist and then went to Q-Care at Penn Highlands.  Claimant underwent surgery on his left shoulder on May 15, 2021.  On May 26, 2021, Claimant filed a review petition, seeking to have the January 29, 2021 left shoulder injury included as part of the October 24, 2019 work injury.

The review petition was assigned to a WCJ and hearings were held on June 17, 2021, and August 26, 2021.  Claimant testified that he received various treatments for the accepted right shoulder injury including physical therapy which began May 18, 2020.  (Reproduced Record (R.R.) at 38a-39a.)  On January 29, 2021, he went to a physical therapy appointment in Reynoldsville, approximately three miles from his home.  The appointment lasted from 7:00 a.m. to 8:00 a.m.  It took him about one-half hour to travel directly home.  *Id*. at 57a.

Claimant testified he had a limestone driveway and there was snow and ice on the driveway.  *Id*. at 50a.  He explained after he exited his car, he turned to close the car door with his left hand and as he was pushing it closed his feet slipped out from underneath him.  *Id*. at 48a.  When he fell he was holding the doorhandle with his left hand and in the course of falling to the ground his left arm was stretched out, tearing his left shoulder.  *Id*. at 57a.  Claimant testified that there was no reason for him to be outside his home that morning aside from going to physical therapy.  *Id*. at 52a.

At the August 26, 2021 hearing, Patrick Dennison, Claimant's physical therapist, testified that he works as a physical therapist in Reynoldsville, where he had

2

been treating Claimant for right shoulder problems. He treated Claimant on January 29, 2021. *Id*. at 90a-91a. Claimant left physical therapy between 8:00 a.m. and 8:10 a.m. *Id*. at 92a. Approximately one hour later, Claimant returned to the physical therapy clinic complaining that he injured his left shoulder slipping while getting out of his Jeep upon returning home from therapy. *Id*. at 92a-93a.

On October 28, 2021, the WCJ denied and dismissed Claimant's review petition on the ground that Claimant's fall at home, following a physical therapy appointment, was not causally related to Claimant's acknowledged right shoulder work injury of October 24, 2019. *Id*. at 11a-16a. The WCJ reasoned that once Claimant arrived home following his physical therapy appointment, he was no longer covered by the "but for" rule set forth in *Berro v. Workmen's Compensation Appeal Board (Terminix International, Inc*.), 645 A.2d 342 (Pa. Cmwlth. 1994), *petition for allowance of appeal denied*, 655 A.2d 996 (Pa. 1995) (holding that injuries sustained by a claimant in an automobile accident on the way to physical therapy for a work injury are compensable as new work-related injuries). The WCJ reasoned that "[t]o extend the causal relationship to a 'but for' standard, ostensibly, makes any injury that Claimant receives at home during [his] normal work hours to be causally related to the work injury because 'but for' the work injury, []Claimant would not have been at home but would have been at work." (WCJ Decision, 10/28/21 at 4.)

Claimant appealed to the WCAB on November 10, 2021. He argued: (1) the WCJ should have found a causal relationship between his fall at home on January 29, 2021, and his October 24, 2019 injury under the "but-for" rule set forth in *Berro*; and alternatively that (2) his second injury fell within the "special circumstances" exception to the "coming and going" rule because he was furthering the interests of Employer by attending a work-related medical appointment earlier that day.

3

On April 6, 2022, the WCAB affirmed the decision of the WCJ. The WCAB agreed with the WCJ that the circumstances of Claimant's injury did not come within the "but for" test. The WCAB reasoned that although injuries incurred while traveling to work-related medical treatment may be compensable, Claimant's injuries were sustained in his icy and snowy driveway after he had completed the process of traveling from physical therapy. (WCAB Decision, 4/6/22, at 4.) Like the WCJ, the WCAB declined to extend *Berro* to erect a wider boundary around how far in time from participation in a medical appointment a claimant can be compensated for a work injury. *Id*. at 6. The WCAB also disagreed with Claimant's second argument, that his second injury fell within the "special circumstances" exception to the "coming and going" rule. The WCAB found first that the rule was "inapplicable" because Claimant was not injured while commuting to or from work. *Id*. The WCAB held that the coming and going rule – and thus its exceptions – applies when a claimant is injured when traveling "to and from work." *Id*. It further held that, even if the special circumstances exception applied, Claimant was not furthering Employer's interests at the time he fell because the fall did not occur during travel to therapy, during the therapy session or during travel from therapy. *Id*. at 6-7.

Before this Court,[1] Claimant argues that his left shoulder injury should be included as part of his accepted work injury. He contends that he suffered the fall while furthering Employer's interest by receiving treatment for the accepted injury and that, "but for" traveling to and from that treatment, he would not have fallen. He argues,

---

[1] This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, procedures were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 Administrative Agency Law, 2 Pa. C.S. § 704; *Reed v. Workers' Compensation Appeal Board (Allied Signal, Inc.)*, 1148 A.3d 464 (Pa. Cmwlth. 2015).

4

alternatively, that his injury is compensable under the "special circumstances" exception to the "coming and going" rule.

## Analysis

### *But For Test – Whether Claimant's Left Shoulder Injury Was Causally Related to His Work-Related Right Shoulder Injury*

We will first address Claimant's argument that his left shoulder injury is causally related to his work-related right shoulder injury under the "but for" test because he would not have been in his car or in his driveway at the moment he fell but for the fact that he was undergoing treatment for an accepted work injury.

The law is clear that when an injured employee develops further physical or psychological difficulties, "an employer is responsible not only for the direct and immediate consequences of a work-related injury, but also for injuries that are causally related to the accepted work injury." *Jeanes Hospital v. Workers' Compensation Appeal Board (Shawn Hass)*, 872 A.2d 159, 164 (Pa. 2005). Under the Workers' Compensation Act,[2] a claimant who seeks to amend a notice of compensation payable to include a new and different injury has the burden of proving that the original work injury caused the additional injury. *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill)*, 975 A.2d 577 (Pa. 2009); *Harrison v. Workers' Compensation Appeal Board (Auto Truck Transport Corp.)*, 78 A.3d 699, 703, 705 n.7 (Pa. Cmwlth. 2013); *Namani v. Workers' Compensation Appeal Board (A. Duie Pyle)*, 32 A.3d 850, 856 n.4 (Pa. Cmwlth. 2011); *Huddy v. Workers' Compensation Appeal Board (U.S.Air)*, 905 A.2d 589, 592 (Pa. Cmwlth. 2006) (*en banc*). That is, the claimant must show the additional conditions alleged are causally related to the work

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2710.

injury. *Commercial Credit Claims v. Workmen's Compensation Appeal Board (Lancaster)*, 728 A.2d 902 (Pa. 1999).

A "but for" test has been used in certain instances to establish causation (in relation to the original injury) when a claimant sustains separate injuries from a subsequent dissociated event that he otherwise would not have sustained if it was not for a previously incurred work injury. *See Berro*; *Moltzen v. Workmen's Compensation Appeal Board (Rochester Manor)*, 646 A.2d 748 (Pa. Cmwlth. 1994) (denying a termination petition because the claimant would not have developed tendonitis in the knee but for her participation in physical therapy for a previously acknowledged shoulder injury); *Duggan & Marcon v. Workers' Compensation Appeal Board (Kistler)* (Pa. Cmwlth., No. 1650 C.D. 2007, filed Jan. 31, 2008) slip op. at 4 (holding that, just as the claimant in *Berro* would not have sustained injury in an auto accident had he not been traveling to a physical therapy session necessitated by a previous work-related injury, and just as the claimant in *Moltzen* would not have developed tendonitis in the knee but for her participation in physical therapy for a previously acknowledged shoulder injury, the claimant would not have incurred his methicillin-resistant staphylococcus aureus infection if not for the puncture wound he incurred at work that provided an opening for the condition to develop).[3]

In *Berro*, this Court applied the "but for" test to determine the compensability of injuries incurred while seeking treatment for a work-related injury. The Court there determined that a claimant's injury sustained while driving to an appointment necessary for treatment as a result of a work-related injury was causally related to the work injury because "**but for** driving to his physician for treatment of his

---

[3] Under Section 414(a) of the Court's Internal Operating Procedures, an unpublished memorandum opinion, although not binding precedent, may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

earlier work-related injury, [the c]laimant would not have been in a position to be involved in the accident which caused his further injuries." *Id*. at 345 (emphasis in original).

Here, Claimant argues that under *Berro*, the left shoulder injury he suffered on January 29, 2021, should be considered compensable as part of the accepted October 24, 2019 right shoulder work injury. He submits that, like the claimant in *Berro*, he was injured in conjunction with obtaining treatment for his accepted work injury, suffering a fall after exiting his vehicle upon returning home from physical therapy. He emphasizes that he drove directly from the physical therapy session to his home with no deviations from that trip. He argues, "but for" the October 24, 2019 work injury that required him to travel to and from physical therapy on the day in question, he would not have been exiting his vehicle and slipping on the ice which caused significant left shoulder injuries. We disagree.

First, the terms in which Claimant has framed his argument do not quite fit the circumstances at hand. Unlike in *Berro*, where traveling to a medical appointment was a necessary and reasonable activity that would not have been undertaken but for the compensable injury, Claimant was already home when his injuries occurred. When he was injured he was not seeking medical treatment for his prior injury. He was standing in his driveway. Any journey that could conceivably be likened to the claimant's journey in *Berro* had ended by the time Claimant sustained his injuries. Thus, this situation does not involve a necessary and reasonable activity, such as in *Berro*, that would not have been undertaken but for the original injury. Moreover, to extend the causal relationship concept to a "but for" standard in this situation would subject employers to liability for every unsafe condition on a claimant's property. "But for" the ice and snow on Claimant's driveway, it appears

7

that Claimant would not have fallen. Under Claimant's logic, Employer's liability would be boundless because it would be liable for injuries Claimant might have sustained while walking up the stairs and into his house, hanging his coat in the hall closet, or removing his boots – because he would not have been doing any of these incidental things but for his need to attend therapy from the first work injury. Like the WCJ and WCAB, we are unwilling to extend the limited holding in *Berro* to include these conceivable scenarios. To establish causation under the "but for" test, the claimant must show that he was engaged in an activity that would not have been undertaken but for the compensable injury. Because Claimant failed to do this, we conclude the WCAB did not err in affirming the WCJ that Claimant's subsequent injuries were not sufficiently related to his original injury so as to be compensable.

***Special Circumstances Exception to the Coming and Going Rule - Whether Claimant's Second Injury was Work-Related***

We next address Claimant's argument that the WCAB erred by concluding that his accident did not fall within the "special circumstances" exception to the "coming and going" rule.

Generally, under what is known as the "coming and going" rule, injuries sustained while an employee is traveling to or from his/her place of employment are not compensable because the employee is neither on the employer's premises nor engaged in the furtherance of the employer's affairs. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 503 A.2d 1096, 1098 (Pa. Cmwlth. 1986). However, there are four exceptions to the coming and going rule. An injury sustained during an employee's commute to or from work is compensable if any of the following apply:

(1) the employment contract included transportation to and from work;

(2) the employee has no fixed place of work;

(3) the employee is on special assignment for the employer; or

(4) special circumstances are such that the employee was furthering the business of the employer.

*Bensing v. Workers' Compensation Appeal Board (James D. Morrissey, Inc.)*, 830 A.2d 1075, 1078 (Pa. Cmwlth. 2003).

In addition to applying the "but for" test in *Berro*, we also considered whether the claimant's situation, where the injury was sustained while driving to a physical therapy session, fell under the "special circumstances" exception to the general rule that an employer is not liable for injuries which occur while the employee is traveling off the premises, *i.e.*, the coming and going rule. *Berro*, 645 A.2d at 345. Explaining the rationale for finding the trip to physical therapy constituted a "special circumstance" wherein the claimant was furthering her employer's business, we stated:

> [I]t is in the interest of the employer that [the][c]laimant seek rehabilitation and treatment in order to recover from the initial work-related injury. [The employer] will clearly benefit by not having to pay compensation as a result of [the][c]laimant['s] recovery and return to work. As a result, we believe [the] [c]laimant['s] trip to the physical therapy session falls within the 'special circumstances' exception to the general rule that an employer is not liable for injuries which occur while the employee is travelling off the premises. *See Peterson [v. Workmen's Comp. Appeal Board (PRN Nursing Agency)*, 597 A.2d 1116, 1119 (Pa. 1991)].
>
> In view of the foregoing, we conclude that [the][c]laimant['s] injuries sustained . . . while driving directly to his physical therapy session, which was part of his treatment for his initial

. . . work-related injury, are causally[]related to his employment and that [the][c]laimant['s] attendance at the physical therapy sessions was in the furtherance of the interests of his employer. Accordingly, we hold that [the][c]laimant['s] injuries resulting from the automobile accident are compensable under Section 301(c)(1) of the Act, [77 P.S. § 411(1)].

*Berro*, 645 A.2d at 345.

Claimant argues that his journey from physical therapy, including getting out of his vehicle in his driveway, falls within the "special circumstances" exception because, as in *Berro*, he was furthering Employer's business by fulfilling his obligation under the Act to submit to physical therapy thus benefiting Employer. Again, we must disagree.

First, Claimant did not sustain his left shoulder injury while driving directly to his physical therapy session. Claimant asks us to broaden the application of *Berro* to injuries sustained after arriving home from a medical appointment to treat accepted work-related injuries. *Berro* found that the claimant's injuries resulting from an automobile accident on the way to his physical therapy session were compensable. The *Berro* court reasoned that the claimant's attendance at the physical therapy sessions was in furtherance of his employer's interests. This makes sense because travel to the appointment is necessary in order to attend an appointment.

Here, Claimant was not furthering Employer's interests at the time he fell because he was home. *See Blackmon v. Sodexo Global Services (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 399 C.D. 2022, filed Dec. 7, 2022), slip op. at 2 (declining to extend the holding in *Berro* to cover injuries sustained after the claimant had finished his therapy appointment as an alleged special circumstance in furtherance of the business of his employer); *Cooper v. Workers' Comp. Appeal Board (Armstrong World Industries, Inc.)* (Pa. Cmwlth., No. 1407 C.D. 2015, filed

10

July 13, 2016), *17 (distinguishing *Berro* in the context of denial of unreasonable contest attorney fees because "[h]ere, unlike in *Berro*, [c]laimant's injury did not occur while he was traveling to or in the process of receiving medical treatment when he suffered the unwitnessed fall at nursing center" and claimant was not there with the prospect of returning to work).[4] Claimant's injuries occurred after Claimant had finished his physical therapy appointment, left the facility, completed his return trip, and was standing outside of his house on his own snow and ice-covered driveway. All activity related to his therapy appointment had ended.

Accordingly, we conclude as a matter of law that the injury Claimant sustained at home on January 29, 2021, was not causally related to the injury sustained by Claimant on October 24, 2019. The WCAB did not err in affirming the WCJ's decision to deny and dismiss Claimant's review petition.

The order of the WCAB is affirmed.

 

 

_____
PATRICIA A. McCULLOUGH, Judge

Judge Wallace did not participate in the decision in this case.

_____

[4] We are aware that some jurisdictions have recognized the compensability of an injury sustained while *en route* from a doctor's office for treatment of a prior compensable injury. *See e.g. Matter of John v. Fairmont Creamery Co.*, 50 N.Y.S.2d 253 (1944) (injury during return home from office of company doctor); *Moreau v. Zayre Corp.*, 408 A.2d 1289, 1293-94 (Me. 1979) (awarding benefits to claimant who was injured in an automobile accident while driving home after receiving medical treatment for a previously compensable hand injury because the employee had a correlative duty to accept medical treatment for the initial compensable injury and, therefore, was fulfilling an implied duty of the employment contract when she was involved in the accident). However, these cases are not applicable because, contrary to Claimant's argument, his injury did not occur during his journey home after treating with a doctor for his original injury. Rather, it happened after Claimant had already returned home.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Broomall,               :
          Petitioner         :
                            :
        v.                   :
                            :     No. 422 C.D. 2022
Alpha Sintered Metals, LLC (Workers'   :
Compensation Appeal Board),       :
          Respondent       :

## ***ORDER***

AND NOW, this 3rd day of March, 2023, the April 6, 2022 Order of the Workers' Compensation Appeal Board is hereby **AFFIRMED**.

_____
PATRICIA A. McCULLOUGH, Judge