626 A.2d 1251

**SUN OIL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FORD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 26, 1992.

Decided March 18, 1993.

Publication Ordered June 11, 1993.

32

Charles S. Katz, for petitioner.

John C. McFadden, for respondent.

Before DOYLE and FRIEDMAN, JJ. and WRIGHT, Senior Judge.

FRIEDMAN, Judge.

Sun Oil Company (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) dated January 31, 1992, affirming the decision of the referee granting temporary total disability benefits to Joseph Ford (Claimant). The sole issue on appeal is whether the Board erred in affirming the referee's conclusion that Claimant properly notified Employer of his disability pursuant to section 311 of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.[2]

The relevant factual and procedural history is as follows. Claimant worked at Employer's oil refinery in various capacities from 1952 until June 23, 1983 (Referee Finding of Fact, No. 5), when he retired as a mechanic. Beginning in 1952, Claimant was repeatedly exposed to an asbestos hazard at the refinery site (Referee Findings of Fact, Nos. 10, 11). As a result of this exposure, Claimant developed shortness of breath due to asbestosis and was examined by a pulmonary specialist in June 1981, at Employer's request. On December 2, 1981, Employer's own medical director, Dr. Charles Rigby, notified Claimant that he (Claimant) had asbestosis (Referee Finding of Fact, No. 12). On December 14, 1981, Employer entered Claimant's name on its OSHA log as an employee with a confirmed diagnosis of occupational asbestosis (Referee Finding of Fact, No. 13).[3]

██ Claimant's final day at work was June 23, 1983.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631.

2. This case was originally submitted to a panel consisting of Judge Doyle, Judge Friedman and Senior Judge Barry. Because of the untimely death of Judge Barry, the case was submitted to Senior Judge Wright as a member of this panel.

3. The United States Department of Labor requires all employers to maintain a Bureau of Labor Statistics Log and summary (OSHA form 200) of all employees known to have an occupational disease or illness related to their employment (R.R. at 130a).

Claimant filed a claim petition for temporary total disability [4] benefits on September 9, 1985 pursuant to sections 301(c)(2) and 108($l$) of the Act.[5] In his petition, Claimant alleged exposure to asbestos and other harmful substances and disability from asbestosis as a result of that exposure (R.R. at 3a–4a). Hearings were held between November 16, 1987 and May 24, 1989. Claimant testified on his own behalf and proffered the deposition testimony of G. William Atkinson, M.D., a specialist in internal medicine and pulmonary disease (R.R. at 49a–95a). Employer proffered the deposition testimony of Paul E. Epstein, M.D., also a specialist in both internal medicine and pulmonary disease (R.R. at 106a–27a).

Dr. Atkinson testified that (1) Claimant suffered from pulmonary asbestosis causally related to his job as a mechanic at Employer's facility and (2) Claimant's asbestosis was a substantial contributing factor to his inability to work (R.R. at 73a). Dr. Epstein testified that Claimant suffered "moderate chronic obstructive pulmonary disease caused by his prior smoking history" (R.R. at 115a) and concluded that Claimant's disease was not causally connected to the asbestos hazard in the workplace.

The referee credited the testimony of Dr. Atkinson and concluded that Claimant proved by substantial competent evidence that he contracted asbestosis as a direct result of repeated exposure to asbestos dust in the workplace. The

4. For purposes of the Act, disability is synonymous with loss of earning power. *Gaff v. Workmen's Compensation Appeal Board (Babcock & Wilcox)*, 140 Pa.Commonwealth Ct. 330, 592 A.2d 827 (1991). Thus, Claimant in the present case was disabled as of June 24, 1983.

5. Section 301(c)(2), 77 P.S. § 411(2) states in pertinent part:

   (2) The terms "injury," "personal injury," and "injury arising in the course of his employment," as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of the act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: ....

   Section 108($l$) of the Act, 77 P.S. § 1208($l$) states:

   ($l$) Asbestosis in any occupation involving direct contact with, handling of, or exposure to the dust of asbestos.

referee also concluded that Claimant proved that his asbestosis alone had permanently disabled him since June 24, 1983 (Referee Conclusion of Law, No. 2)[6] and that the notice requirements of the Act were met. According to the referee, Employer had actual knowledge that Claimant had occupational asbestosis "at least as early as December 2, 1981." (Referee Conclusion of Law, No. 3.) Employer appealed and the Board affirmed, agreeing with the referee that the December 14, 1981 entry of Claimant's name on the OSHA log satisfied the notice requirements of the Act. Employer now appeals.

On appeal[7] to this court, Employer asks us to consider whether the Board erred in affirming the referee's conclusion

6. The Claimant testified in the following manner as to why he could not continue to work for Employer:

> Q  Now, we stipulated, Mr. Ford, that you last worked, physically worked at Sun Oil Company on June 23, 1983?
> A  Yes.
> Q  Why did you stop working that day?
> A  Well, I—
> Q  I'm asking you to tell us your reasons why you stopped working, not what somebody else told you.
> A  No, not what somebody else told me. I was getting—my lungs were getting to the point to where if I climbed halfway up the tower I had to stop and rest and just tell them I'd be up there in a minute. I just couldn't make it all the way up.
> Q  Why not?
> A  I was so short of breath.

(R.R. at 31a–32a.)
He further testified:

> Q  Do you feel that you're capable at any time since June 23, 1983, of working as a refinery mechanic?
> A  No.
> Q  Why not?
> A  I'm just too short of breath. I just can't do it.
> Q  Do you feel that you've been capable of doing any type of employment since June 23, 1983?
> A  I just don't feel good. When I get up in the morning, I just don't feel like I could do it.
> Q  Are you still experiencing the shortness of breath?
> A  Yes.

(R.R. at 33a.)
Claimant's testimony constitutes substantial evidence in support of the referee's Conclusions of Law.

7. Our scope of review on appeal from decisions of the workmen's compensation appeal board where both parties have submitted evi-

that Claimant notified the Employer within 120 days after the date of disability as required by section 311 of the Act. Employer argues that the date of disability in the present case was June 23, 1983 and that Employer did not receive notice until September 20, 1985. In Employer's view, Claimant voluntarily retired due to age, not illness. Employer also argues that since Claimant's disability did not begin until June 23, 1983,[8] the Board erred in concluding that Employer had notice as early as December 2, 1981. Claimant counters that there is substantial evidence in the record to support Claimant's argument that Employer had timely knowledge of his asbestosis and that such knowledge satisfies the requirements of section 311 without prejudice to Employer. We agree with Claimant and thus affirm.

■ Section 311 of the Act states, in pertinent part:

*Unless the employer shall have knowledge of the occurrence of the injury,* or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

dence is limited to a determination of whether the Board has committed an error of law, has violated constitutional rights or has made findings unsupported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board,* 105 Pa.Commonwealth Ct. 356, 524 A.2d 550 (1987).

8. Employer misstates the date of disability in its brief (Brief at 9).

We held in *Split Vein Coal Company v. Workmen's Compensation Appeal Board (Erdman)*, 124 Pa.Commonwealth Ct. 642, 556 A.2d 958 (1989) that the fact that the date of notice of disability precedes the date of disability does *not* affect the availability of workmen's compensations benefits in the absence of prejudice to the employer. In *Split Vein*, the claimant filed a petition for workmen's compensation benefits on July 6, 1982 and alleged disability as of August 15, 1980. Claimant was examined by a physician on July 20, 1982 and was diagnosed at that time with anthracosilicosis. In holding that notice could be provided to the employer prior to the actual date of disability, the court stated: "It is unusual that the date of notice in this case precedes the date of disability, but we see no problem with it here." *Id.* at 648, 556 A.2d at 961.

In the case at bar, Employer has presented no evidence to demonstrate that it was prejudiced by early notice of Claimant's occupational asbestosis, 18 months before Claimant was actually disabled under the Act. We note that the original purpose of the notice requirement under the Act was to protect the employer from accidental injury claims for which it would not have timely knowledge in advance of discovery. *Padilla v. Chain Bike Corp.*, 27 Pa.Commonwealth Ct. 190, 365 A.2d 903 (1976). In the present case, however, Employer's entry on the OSHA log creates a presumption of knowledge on Employer's part and suggests a complete lack of prejudice. Employer suffered no detriment, and, in fact, was in an enhanced position to defend as a result of early notice.

The referee found that Employer had actual notice of Claimant's occupational disease as early as December 2, 1981, the date on which Dr. Rigby issued his report. Employer entered Claimant's name on the OSHA log as an employee with a confirmed diagnosis of occupational asbestosis on December 14, 1981. According to the referee, the entry on the OSHA log sufficiently complied with the notice requirements of the Act. We agree.

The record reveals that Employer, itself, referred Claimant to a pulmonary specialist in June, 1981. Employer's own medical director, Dr. Rigby, informed Claimant that he suffered from occupational asbestosis in December 1981. Dr. Rigby's December 2 report, Employer's own business record, specifically stated: "Chest X-rays revealed scarring of the pleura over the left mid lung field and blunting of the left costophrenic angle. Impression: Consistent with Asbestosis." (R.R. at 105a.) We hold that the referee correctly concluded that Employer's actual knowledge 18 months before the date of disability serves as proper notice under *Split Vein.*[9]

Additionally, we have frequently held that this court is obligated to liberally construe the Act in order to effectuate its humanitarian purposes. *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa.Commonwealth Ct. 405, 379 A.2d 908 (1977). Justice requires that we do so here. Employer has suffered no prejudice as a result of its early notice. Accordingly, we affirm.

## ORDER

AND NOW, this 18th day of March, 1993, the order of the Workmen's Compensation Appeal Board, dated January 31, 1992, is affirmed.

---

9. Employer relies on *Marcucci v. Workmen's Compensation Appeal Board (BP Oil Co.),* 98 Pa.Commonwealth Ct. 7, 510 A.2d 1262 (1986) to support its argument that notice should have been provided within 120 days of June 23, 1983. We find that *Marcucci* is inapposite because *Marcucci* only reaches the issue of the date of disability for the purpose of fixing liability and does not reach the issue of notice.