**Albert STORER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ABB), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 7, 2001.

Decided Sept. 10, 2001.

**830**

James L. Cowden, Harrisburg, for petitioner.

Marc A. Moyer, Harrisburg, for respondent.

Before SMITH, Judge, KELLEY, Judge, JIULIANTE, Senior Judge.

KELLEY, Judge.

Albert Storer petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming an order of the Workers' Compensation Judge (WCJ) which denied Claimant's claim petition based on lack of timely and proper notice. We affirm.

Claimant was employed by ABB (Employer) as a field service manager. Claimant had a history of non-work related heart problems, which began in 1990 and continued up to May 29, 1997, when Claimant suffered a heart attack.

On June 5, 1998, Claimant filed a claim petition alleging therein that on May 29, 1997, he suffered a work-related myocardial infarction and infection contracted in the hospital during treatment for the work-related myocardial infarction. Employer filed a timely answer denying the allegations. Specifically, Employer did not deny that Claimant had cardiac difficulties on May 29, 1997, but disputed that Claimant's difficulties were related to his employment. Hearings before a WCJ ensued.

In support of the claim petition, Claimant testified on his own behalf and presented the testimony of his wife, Carol Storer, and the deposition testimony of his treating cardiologist, Tach Nguyen, M.D. In opposition to the petition, Employer presented the testimony of three fact witnesses: (1) Cory Guenter, Vice President of Human Resources; (2) Kenneth Ritter, Manager of Technical Services; and (3) Michael Wonderling, shop supervisor. Employer also presented the medical testimony of Mahendrakumar Chimanial Shah, M.D. and David Leaman, M.D.

Based on the evidence presented, the WCJ found that, although the credible evidence of record established that Claimant suffered a work injury in the nature of a myocardial infarction on May 29, 1997, as the result of his employment, Claimant did not establish that he provided timely and proper notice thereof. Employer's fact witnesses testified that they did not know until the claim petition was filed that Claimant's heart attack was related to his employment. A statement from Dr. Nguyen attached to Claimant's claim for sickness and accident benefits, dated July 2, 1997, indicated that Claimant's condition was not the result of employment. The WCJ found that Mrs. Storer's statements to Employer following the heart attack were insufficient to establish notice of a work-related injury. With regard to no-

tice and a letter allegedly mailed to Employer in July 1997 notifying Employer of Claimant's heart attack and its relation to his employment, the WCJ found as follows:

19. The Claimant presented a letter dated July 2, 1997 at Claimant's Exhibit 2 authored by Dr. Nguyen, which the Claimant asserts he mailed to the Employer. The most problematic aspect of this letter is that there is no evidence that this letter was ever received by the Employer; it is addressed to "To whom it may concern," and the Employer does not acknowledge receipt. Had the Claimant hand-delivered the letter or mailed it by certified mail, he could have established receipt by the Employer, and therefore, timely notice. Accordingly, it is not sufficient to establish notice to the Employer.

20. There is no other evidence that the Claimant provided timely notice of an alleged work injury to the Employer. The first date on which notice is established is the date of the filing of the Claim Petition in July, 1998, well beyond the 120 days required by the statute.

21. Although the credible [evidence] of record establishes that the Claimant suffered a work injury in the nature of a myocardial infarction on May 29, 1997, as the result of his employment, he did not establish that he provided timely and proper notice thereof.

The WCJ concluded that Claimant did not sustain his burden to prove that he provided Employer with notice of a work-related injury within 120 days of the date on which he knew or should have known of the relationship of the heart attack to his work, i.e. around July 2, 1997. Accordingly, the WCJ denied Claimant's claim petition.

Both Claimant and Employer appealed the WCJ's decision to the Board. The Board affirmed the WCJ's decision with respect to Claimant's appeal and dismissed Employer's appeal. Claimant's appeal to this Court followed.[1]

Herein, Claimant raises the following issues: (1) whether the Board erred by affirming the WCJ's decision that fails to apply the long-standing Pennsylvania legal presumption of receipt to Claimant's mailing of notice of his injury to Employer; and (2) whether the Board erred in affirming the WCJ's decision that Claimant must prove actual receipt by Employer of the notice of Claimant's injury.

Pursuant to Section 311 of the Workers' Compensation Act (Act),[2] a claimant must provide notice to the employer of the occurrence of an injury within 120 days of that injury. A claimant's failure to provide such notice to the employer within 120 days of the injury generally operates as a bar to compensation unless a claimant can show that the employer has actual knowledge of the occurrence of the injury. Section 311 of the Act. In cases where the cause of the injury or its relationship to the employment is not known to the employee, Section 311 of the Act contains a discovery provision

---

1. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Cmwlth.382, 539 A.2d 11 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631.

which provides that the time for giving notice shall not begin to run until the employee knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. *Id.* The purpose of this Section is to protect the employer from stale claims for injuries, of which it would have no knowledge, made after the opportunity for a full and complete investigation had passed. *Sun Oil Co. v. Workmen's Compensation Appeal Board (Ford)*, 156 Pa.Cmwlth.31, 626 A.2d 1251 (1993), *petition for allowance of appeal denied*, 537 Pa. 636, 642 A.2d 489 (1994).

While the Act is to be liberally construed, Section 311 of the Act is mandatory and bars a claim where it is found that appropriate notice of the injury has not been given to the employer within 120 days of its occurrence. *Canterna v. United States Steel Corporation*, 12 Pa.Cmwlth. 579, 317 A.2d 355 (1974). The claimant has the burden of establishing that the employer was given notice of the injury and receipt of such notice is a prerequisite to receiving compensation. *Gribble v. Workers' Compensation Appeal Board (Cambria County Association for the Blind)*, 692 A.2d 1160 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 549 Pa. 719, 701 A.2d 579 (1997); *Pennsylvania Mines Corporation/Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell)*, 166 Pa.Cmwlth.58, 646 A.2d 28 (1994). Whether a claimant has complied with the notice requirements of the Act is a question of fact for the WCJ. *Id.*

Herein, Claimant argues that the Board erred by affirming the WCJ's misconstruction of the notice requirement and failure

to apply Pennsylvania's long standing rules of evidence governing receipt of notice by mail. Claimant contends that the WCJ fully credited Claimant's testimony; therefore, the WCJ found as a fact that Claimant received a letter from Dr. Nguyen relating the heart attack to his employment and that Claimant in turn mailed this letter to Employer. Claimant asserts that the Board did not disturb this credibility finding on appeal; therefore, under Pennsylvania law, this is all Claimant had to show in order to prove that Employer had notice of the injury.

Claimant argues that he only had to prove that the letter was mailed based on case precedent dating back to 1892. *See Whitmore v. Dwelling House Ins. Co.*, 148 Pa. 405, 23 A. 1131 (1892) (Holding that there is a presumption of receipt when a letter is properly mailed). Moreover, Claimant contends, the presumption of receipt is quite strong because the addressee can always deny having received the letter and in this case, Employer could not even specifically deny receiving Dr. Nguyen's letter. Finally, Claimant argues that the requirement that Claimant prove actual receipt by Employer of the notice has no foundation anywhere in the Act or case law interpreting the Act.

We reject Claimant's assertions that the WCJ misconstrued the notice requirements mandated by Section 311 of the Act. First, Claimant mischaracterizes the WCJ's findings with respect to credibility and notice. While the WCJ did find Claimant's testimony credible, this credibility finding was clearly with respect to whether Claimant established that he suffered a work-related injury. *See* Finding of Fact 18(a).[3] The WCJ did not specifi-

---

**3.** Finding of Fact 18(a) states as follows:
(a) The Claimant's testimony is found to be credible, persuasive and fact. He testified

live before the undersigned on two occasions. Review of his testimony with all of the other evidence, specifically, the history

cally find that Claimant mailed the letter at issue. In the findings, the WCJ stated that Claimant presented a letter dated July 2, 1997, "which the Claimant asserts he mailed to the Employer."[4] *See* Findings of Fact 19–21.

■ Second, Claimant's testimony does not support his assertions: (1) that he complied with the 120-day notice requirement of Section 311 of the Act; or (2) that Claimant complied with the requirements of the mailbox rule by "properly" mailing the letter. Claimant merely testified that he mailed the letter to Employer. He does not specify on what date he mailed the letter, whether he deposited the letter in the post office, whether the letter was properly addressed or whether the letter contained the proper postage. *See Cameron Estate*, 388 Pa. 25, 130 A.2d 173 (1957) (Depositing in the post office a properly addressed, prepaid letter raises a presumption that it reached its destination by due course of mail, and mailing a letter in such way is *prima facie* evidence that it was received by the person to whom it was addressed.). As pointed out by the WCJ, the letter was addressed to "Whom it may concern" and not to anyone in particular.

Third, even if the WCJ's findings can be interpreted to mean that the WCJ found Claimant's assertion that he mailed the letter credible, the WCJ found that Employer did not receive the letter; therefore, Claimant failed to establish proper notice. This finding is based on the WCJ's determination that Employer's fact witnesses, Mr. Guenter and Mr. Ritter, credibly testified that Employer did not receive notice that Claimant's injury was work-related until Claimant filed his claim petition.

Pursuant to Section 311 of the Act, an employer must have knowledge of an injury or no compensation shall be payable. This knowledge can be ascertained two ways: (1) the employer has actual knowledge of the injury; or (2) the claimant provides notice to the employer within 120 days of the occurrence of the injury. Section 311 of the Act. It is well settled that the procedural notice sections of the Act are designed to make knowledge rather than formal notice the standard. *Miller v. Workmen's Compensation Appeal Board (Atlas Powder Co.)*, 78 Pa.Cmwlth.22, 466 A.2d 787 (1983). Thus, notice to an employer must encompass proof of actual receipt thereof or the requirement of the Act that an employer shall have knowledge of an injury in order for compensation to be payable is negated. As stated previously herein, the claimant has the burden of establishing that the employer was given notice of the injury and receipt of such notice is a prerequisite to receiving compensation. *Gribble; Pennsylvania Mines Corporation/Greenwich Collieries*. Moreover, it is for the WCJ to determine from the evidence presented whether the employer has been given appropriate notice under the Act. *Id.*

---

recorded in West Virginia, reveals only a discrepancy as to whether he experienced angina beginning at a time prior to May 29. Whether he experienced angina prior to May 29 is not significant in determining causation. (See, Claimant's Exhibit 6 and Defendant's Exhibit 12.)

4. Claimant's only testimony with respect to the mailing of the July 2, 1997 letter from Dr. Nguyen to Employer was as follows:

Q. Now, you said you did something with the letter.

A. I mailed it to ABB preheater, a copy of it.

Q. Was there a particular reason you did that? That is, was ABB looking for anything from you at that point?

A. I wanted them to know what the doctor felt was my problem. Reproduced Record (R.R.) at 103a–104a.

**834**

■ Accordingly, we decline to apply a common law mailbox rule in such a sweeping and broad manner as asserted by Claimant to the mandatory notice requirements of the Act. To do so would negate the mandatory notice requirements of Section 311 of the Act and invade the province of the WCJ as fact finder and determiner of credibility. *See General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Cmwlth.461, 593 A.2d 921, *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991) (The WCJ, as the ultimate fact finder in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight.); *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 83 Pa. Cmwlth.451, 479 A.2d 631 (1984) (Determinations as to witness credibility and evidentiary weight are not subject to appellate review.).

Herein, the WCJ found that Claimant did not establish receipt of the July 2, 1997 letter by Employer; therefore, Claimant did not establish that he gave proper and timely notice under the Act. These are proper findings under the Act and are supported by substantial evidence.

Accordingly, the Board's order is affirmed.

Judge SMITH dissents.

### ORDER

AND NOW, this 10th day of September, 2001, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.