Jacqueline MATTHEWS, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (ELWYN INSTITUTE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 2008.

Decided March 12, 2009.

Picard Losier, Philadelphia, for petitioner.

Edward R. Carpenter, Jr., Media, for respondent.

BEFORE: SMITH–RIBNER, Judge and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Jacqueline Matthews (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) denying her benefits for an aggravation of a work-related injury. The Board reversed the decision of the Workers' Compensation Judge (WCJ) to award benefits because the Board found that Claimant did not present any evidence that she gave Elwyn Institute (Employer) timely notice of her aggravation. Discerning no error in the Board's decision, we affirm.

Claimant was employed by Employer as a counselor at one of Employer's residential facilities for mentally handicapped persons. On October 31, 2003, Claimant filed a claim petition alleging that on January 16, 2003, she sustained a work-related injury to her left and right knees when a resident became combative and kicked her twice on the same day. It was later clarified by Claimant that she suffered an injury only to her left knee.[1] Claimant sought partial disability from February 22, 2003, through April 20, 2003, and full disability from April 21, 2003, ongoing, when she stopped working. Employer filed an answer denying the allegations.

At her deposition, Claimant testified that she was injured in her left knee on January 16, 2003, for which she first sought treatment on February 27, 2003. She continued to work until April when she was hit again in the left knee by another resident. In April, Claimant underwent outpatient surgery on her left knee and left work. In November 2003, Claimant was diagnosed with a pulmonary embolus, or blood clot, in her lung, which she believed was related to her January 2003 knee injury. On cross-examination, Employer's counsel inquired into other incidents that occurred after she left work in April of 2003. Claimant responded that her knee had been hurt at her sister's house and that on September 9, 2003, while driving "on [her] way to PT," she was involved in an auto accident. Reproduced Record at 23a (R.R. ——).

Claimant submitted the deposition testimony of Stewart Gordon, M.D., a board-

---

1. A great deal of testimony was focused on the extent of Claimant's injuries because Claimant had originally claimed that she injured both knees on January 16, 2003. She subsequently stated that the alleged injury to her right knee was in error. At the time she filled out the report of her work injury she had mistakenly written down that both knees were injured.

certified orthopedic surgeon, who first examined Claimant on March 28, 2003. Dr. Gordon recommended surgery for Claimant's left knee, which was done in April. Claimant was progressing well except for two incidents of swelling that occurred when Claimant was injured at her sister's house and when Claimant was injured in the September 2003 motor vehicle accident. Dr. Gordon testified that according to the medical notes, Claimant sustained a contusion and strain to her left knee and an injury to her back in that automobile accident. He opined that Claimant had fully recovered from her January 2003 work-related injury but that she continued to suffer soreness and tenderness as a result of the motor vehicle accident. Dr. Gordon also noted that Claimant's medical records showed that Claimant developed a pulmonary embolus. On cross-examination, Dr. Gordon stated that the embolus was not related to the January 2003 work injury but, rather, to the automobile accident.

Employer presented the deposition testimony of Gail Foltz, who is employed by the PMA Insurance Group as a disability management coordinator responsible for the long-term and short-term disability programs offered to Employer and to other group policyholders. She testified that Claimant applied for and received both short-term and long-term disability benefits under this program. Foltz confirmed that these disability benefits are provided to employees who are not able to work because of an illness, accident, or injury that is not work-related.

The WCJ granted Claimant's claim petition for a closed period, finding that Claimant had sustained her burden of proving a work-related injury to her left knee from which she had fully recovered as of April 16, 2004. The WCJ found that Claimant had sustained a blood clot as a result of

the September 2003 motor vehicle accident but found that this accident was "not related to Claimant's work injury." WCJ Decision of 1/05/05, Finding of Fact ¶ 18.

Both parties appealed. Claimant argued that the WCJ erred in holding her fully recovered as of April 16, 2004. The Board vacated, in part, the WCJ's decision. The Board observed that if Claimant's accident had occurred while en route to treatment for a work injury, injuries she sustained in that accident would be compensable "provided that Claimant has met the necessary burdens." Board Opinion at 11, R.R. 240a. Specifically, the Board noted that the injuries sustained in the auto accident were separate and distinct from her January 16, 2003, work injury and that Claimant had the burden of proof on each element of her claim for compensation for injuries sustained in the September auto accident. *Id.* at n. 11. The Board remanded the case for the WCJ to make "all necessary findings." *Id.*

On remand, neither party produced any additional evidence, but relied on the record from the initial proceedings. In a decision circulated August 8, 2007, the WCJ found that Claimant's work injury should be expanded to include the re-injury of her left knee, an injury to her back, and a blood clot in her lung, which resulted from the September 2003 motor vehicle accident. The WCJ found Claimant totally disabled and awarded ongoing total disability payments.

Employer appealed, asserting, *inter alia,* that the WCJ had erred in awarding benefits for the injuries sustained in the automobile accident because Employer had never been notified that Claimant believed that the injuries she sustained in the auto accident were compensable. The Board agreed, finding the record devoid of evidence that Claimant notified Employer that she had suffered an additional work

injury on September 9, 2003, at any point during the 120–day notice period prescribed by Section 311 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631.[2] The Board reversed the decision of the WCJ, and the present appeal followed.

On appeal, Claimant advances several arguments in support of her claim for workers' compensation benefits for the injuries sustained in the September 2003 accident.[3] Claimant first asserts that Employer did not preserve the issue of its lack of notice that Claimant suffered a work injury in the September 2003 accident because Employer did not raise the issue in its first appeal to the Board. Employer challenged only the WCJ's award of benefits for a closed period. Claimant next contends that she was not required to give Employer notice of the September 9, 2003, work injury because Employer had notice of the January 16, 2003, injury. Finally, Claimant contends that Employer had actual or constructive notice of the September 2003 aggravation.

We begin with Claimant's argument that Employer did not preserve the notice issue. Because the WCJ had determined that Claimant's injury in the auto accident was not work-related, there was no reason for Employer to raise the notice issue to the Board. In its appeal of the

WCJ's second decision, however, Employer did raise the issue that Claimant had never given it notice that her injuries suffered in the motor vehicle accident were compensable. *See* Supplemental Reproduced Record at 1b. Accordingly, the notice issue was properly addressed by the Board.

Claimant next argues that notice is not required in this situation. She maintains that because she had provided Employer notice of her January 16, 2003, injury, no further notice was required.

It is well settled that an "aggravation of a pre-existing condition" is deemed a new injury for purposes of the Act. *Safety National Casualty Corp. v. Workers' Compensation Appeal Board. (Draper and PMA Insurance Group),* 887 A.2d 809, 815 (Pa.Cmwlth.2005). It is equally well settled that the claimant bears the burden of establishing each element necessary to support an award of compensation. *Jamison v. Workers' Compensation Appeal Board (Gallagher Home Health Services),* 955 A.2d 494, 497–98 (Pa. Cmwlth.2008). Notice under Section 311 of the Act is one such element. Where notice of a work injury is not given to the employer within 120 days of its occurrence, the claim for compensation must be denied. *Storer v. Workers' Compensation*

---

2. It states in relevant part:

*Unless the employer shall have knowledge of the occurrence of the injury,* or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, *no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.* However, in cases in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving

notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

77 P.S. § 631 (emphasis added).

3. This Court's review is limited to determining whether an error of law or a constitutional violation was committed or whether the findings of fact are supported by substantial, competent evidence. *Myers v. Workers' Compensation Appeal Board (University of Pennsylvania and Alexsis, Inc.),* 782 A.2d 1108, 1110 n. 1 (Pa.Cmwlth.2001).

*Appeal Board, (ABB)*, 784 A.2d 829, 832 (Pa.Cmwlth.2001). As explained by the Board, the injury Claimant suffered in the auto accident was separate and distinct from her injury of January 16, 2003. Accordingly, she was required to present evidence on each element, including notice to Employer, in order to have her September 9, 2003, injury be held compensable. Claimant has advanced no cogent argument to support her contention that she was excused from the burden of demonstrating that she notified Employer that the injury she suffered on September 9, 2003, was work-related.

■ Finally, Claimant argues that Employer had imputed notice of her additional injuries. Employer's work rule required employees to complete a Workers' Compensation Injury Report when reporting a work injury, and Claimant had completed these reports in the past when reporting work injuries. Claimant did not testify that the pulmonary embolus was reported on this form, and Employer's risk control specialist testified that there were no work incident reports filed after April 2003, when Claimant stopped working. Claimant argues that Employer had imputed notice through Dr. Gordon, as Employer's panel doctor; Gail Foltz, a PMA employee; and, finally, Employer's counsel in the instant litigation. With respect to Employer's counsel, Claimant explains that she testified about her auto accident in her deposition of February 11, 2004. Although this testimony was not given within the 120 days of the September 9, 2003, accident, Claimant asserts it meets the deadline under the discovery rule.[4]

The content of an employee's notice of a work injury is governed by Section 312 of the Act, which states, in relevant part, that the claimant

> ... shall inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified.

Section 312 of the Act, 77 P.S. § 632. For the notice of a work-related injury to be sufficient under Sections 311 and 312, a claimant must also comply with Section 313 of the Act. It provides:

> The notice referred to in sections 311 and 312 may be given to the immediate or other superior of the employe, to the employer, or *any agent of the employer regularly employed at the place of employment* of the injured employe. Knowledge of the occurrence of the injury on the part of any such agents shall be the knowledge of the employer.

77 P.S. § 633 (emphasis added).

If Claimant sought compensation for the injury that occurred on September 9, 2003, she never so stated in her claim petition. Further, her first appeal to the Board did not contain the word "aggravation," and it did not assert an injury date of September 9, 2003, but rather January 16, 2003.[5] The

---

4. In cases where the cause of the injury or its relationship to the employment is not known to the employee, Section 311 of the Act, 77 P.S. § 631, contains a discovery provision which provides that the time for giving notice shall not begin to run until the employee knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. *Storer*, 784 A.2d at 831–32.

Claimant's invocation of the discovery rule here is problematic. Claimant sought medical treatment for the back and knee injuries she sustained in the auto accident. She knew immediately of these injuries, but she did not report the injuries to Employer as work-related.

5. Contrary to the dissent's assertion that Employer waived its lack of notice, it is Claimant that waived the issue that her auto accident injuries were compensable. Employer de-

notice requirement in Section 312 of the Act is not onerous, but it does require the employee to communicate the information that he was injured "in the course of his employment on or about a specified time, at or near a place specified." 77 P.S. § 632. Further, this information must be communicated "to the employer, or any agent of the employer regularly employed at the place of employment of the injured employee." Section 313 of the Act, 77 P.S. § 633. Claimant failed on both counts.

During her cross-examination by Employer's counsel, Claimant stated she was "on [her] way to PT" when her auto accident occurred. She did not state that the "PT" was for treatment of her work injury. Claimant did not state that the auto accident was itself work-related. Her entire case was based on the contention that she was not recovered from her January 16, 2003 work injury, not that she suffered a subsequent work injury. "On the way to PT" does not satisfy the notice requirements of Section 312. Even if it did, however, there can be imputed notice only where the notice is given to the employer's "agent" who is one "regularly employed at the place of employment of the injured employee." Section 313 of the Act, 77 P.S. § 633.

Claimant presented no evidence that Dr. Gordon, Ms. Foltz, or counsel for Employer in the present litigation were "agents"

of Employer "regularly employed" at the place of employment. *Id.* In the absence of any such evidence, Claimant's imputed notice argument must fail.[6]

For all the above-explained reasons, we affirm the Board.

### *ORDER*

AND NOW, this 12th day of March, 2009, the order of the Workers' Compensation Appeal Board dated June 27, 2008, in the above-captioned matter is hereby AFFIRMED.

### DISSENTING OPINION BY Judge SMITH–RIBNER.

I respectfully dissent from the majority's decision to affirm the order of the Workers' Compensation Appeal Board (Board) that reversed the Workers' Compensation Judge's (WCJ) August 8, 2007 decision entered on remand granting disability benefits to Jacqueline Matthews (Claimant) with respect to injuries that she sustained in a September 9, 2003 motor vehicle accident. The WCJ found on remand that Claimant sustained additional injuries over and above her original work-related left knee injury when she was involved in the motor vehicle accident while

---

fended against her claim petition with respect to her January 16, 2003, injury, which was the only injury at issue in the proceeding.

6. Notably, none of these persons ever stated that they understood that Claimant had stated that the auto accident was a compensable, work-related injury. Ms. Foltz worked for PMA, and she authorized the payment of disability to Claimant under the policy providing disability for non-work related absences from work. Claimant herself testified that she "filed for disability." R.R. 25a. Dr. Gordon testified as follows:

Q. And, Doctor, in terms of the history that you took from her, the work injury of January 16 is the only date that she ever told you she sustained a work injury?

A. Correct.

R.R. 60a. Finally, Employer's counsel who took Claimant's deposition about her January 16, 2003, injury, did not receive notice. Claimant did not state at this deposition that she suffered a work injury on September 9, 2003. She stated the blood clot was caused by her January 16, 2003, injury.

en route to physical therapy for her original work-related injury.

In reversing the WCJ's award as to the motor vehicle accident injuries, the Board erroneously held that Claimant failed to prove that she gave Employer timely notice of the additional injuries from the motor vehicle accident or that Employer had knowledge of the additional injuries. Claimant is correct that Elwyn Institute (Employer) waived the issue of notice of injuries from the motor vehicle accident, which caused aggravation of Claimant's knee injury, back injury and later blood clot from the knee that traveled to her lung. In any event, adequate notice was conveyed.

In her first decision of January 5, 2005, the WCJ found that Claimant was fully recovered by April 16, 2004 from her original work-related knee injury of January 16, 2003. The WCJ also found that Claimant was involved in the motor vehicle accident in September 2003 and that she re-injured her left knee, suffered injury to her back and suffered the later formation of a blood clot. The WCJ fully credited the testimony from Dr. Stuart Gordon (Employer's panel doctor) that Claimant's blood clot in November 2003 was related to the motor vehicle accident, but the WCJ made no finding as to the reason for Claimant's travel at the time of the accident. She awarded benefits ending as of April 15, 2004.

Both sides appealed the decision. Claimant's appeal argued that the WCJ erred in terminating benefits as of April 16, 2004 because she continued to suffer disabling residual effects from the motor vehicle accident that occurred while she was en route to therapy for the work-related injury. Employer of course was aware of the basis for Claimant's appeal, but it raised no issue in its response to Claimant's appeal asserting failure of no-

tice. The Board noted that a claimant who is injured in a motor vehicle accident en route to physical therapy that is part of treatment for a work-related injury sustains a compensable injury. *Berro v. Workmen's Compensation Appeal Board (Terminix Int'l)*, 165 Pa.Cmwlth. 298, 645 A.2d 342 (Pa.Cmwlth.1994). Further, a WCJ must make findings of fact on all essential issues so that the Board can exercise meaningful review, and a remand is warranted when factual issues need to be resolved. *Trudnak v. Workmen's Compensation Appeal Board (Lucky Strike Coal Corp.)*, 157 Pa.Cmwlth. 212, 629 A.2d 254 (Pa.Cmwlth.1993).

The Board vacated the WCJ's decision as to the compensability of the motor vehicle accident injuries and remanded. The Board directed that the WCJ make all necessary findings regarding the motor vehicle accident, keeping in mind that if it occurred while she was en route to physical therapy it would be compensable provided that Claimant met the necessary burdens. The Board noted that for such a separate and distinct injury, Claimant had the burden of establishing all the necessary elements to support an award.

On remand, both sides decided not to present any additional evidence. Employer again did not challenge Claimant's notice of injuries that she sustained in the motor vehicle accident as being insufficient. The WCJ credited Claimant's testimony that she was on her way to physical therapy as being corroborated by the medical records of Dr. Gordon. In the absence of any contrary evidence, the WCJ determined that the work injury should be "expanded to include her original injury to her left knee and the aggravation of her left knee condition and her injury to her back and the pulmonary embolism as a result of her motor vehicle accident on September 9, 2003." WCJ August 8, 2007

Remand Decision. As a result, the WCJ awarded benefits from April 16, 2004 and ongoing.

On its appeal to the Board from the WCJ's remand decision, Employer for the first time mentioned notice by stating: "Not only did the Claimant not provide testimony concerning the specific incident, that [sic] she did not offer any evidence, notice or any other element which is necessary to sustain the granting of a Compensation Petition." Supplemental Reproduced Record (S.R.R.) 1b, 3b. It argued lack of timely notice, and the Board accepted that argument and reversed the WCJ's grant of benefits for disability related to the motor vehicle accident injuries. The Board stated that the WCJ made no findings as to whether Claimant notified Employer of the additional injuries or whether it actually knew of them and that on remand Claimant had the burden of establishing all elements necessary to support an award with regard to the motor vehicle accident, including timely notice. It therefore reversed the WCJ's award in this regard.

Claimant first asserts that issues not preserved on appeal are deemed to be waived and that arguing issues in a brief to the Board does not cure failure to preserve issues in the notice of appeal with specificity, citing *McGaffin v. Workers' Compensation Appeal Board (Manatron, Inc.)*, 903 A.2d 94 (Pa.Cmwlth.2006). In *McGaffin* the WCJ granted a termination petition. In his brief on appeal to the Board the claimant raised for the first time the issue that a termination petition could not be granted when, only seven months earlier, he was determined by a WCJ to have a whole-person physical impairment rating of 26 percent. The Court relied on 34 Pa.Code § 111.11(a)(2), which requires an appeal filed with the Board to include a statement of the particular grounds upon which the appeal is based, including reference to the specific findings that are challenged and the errors of law that are asserted. The Court *sua sponte* raised the issue of waiver and held that the claimant's failure to state anything in the appeal documents filed with the Board about the impairment rating effectively waived the argument and that arguing the point in his brief did not preserve the issue. Claimant here cites Employer's first appeal to the Board, Reproduced Record (R.R.) 249a–250a, which contains no reference to notice. Employer quotes its second appeal document, which at least contains an assertion that Claimant "did not offer any evidence, notice, or other any other element that is necessary to sustain a Compensation Petition." S.R.R. 1b, 3b.

The issue of notice may be waived. *See North Lebanon Township v. Workers' Compensation Appeal Board (Harbaugh)*, 829 A.2d 394 (Pa.Cmwlth.2003) (notice waived where it was raised in the answer to the claim petition but there was no objection to a WCJ's finding that notice was provided). In the circumstances of this case, Employer waived the issue of notice. When Claimant initially offered evidence of the motor vehicle accident, Employer did not raise notice. The express purpose of the remand was to elicit findings relating to the compensability of the motor vehicle accident injuries, and Claimant's decision not to provide additional evidence implied that she believed that she had provided sufficient evidence to establish notice. If Employer believed that it had a meritorious challenge to notice, it should have raised the issue before the WCJ on remand, to permit full litigation of the point and any necessary fact findings. Although the case was remanded for the sole purpose of determining whether the motor vehicle accident inju-

ries were work related and compensable, Employer failed to raise lack of notice.[1]

In the alternative, I agree with Claimant that the evidence established that Employer had notice of the September 2003 injury. Claimant sought treatment for the injuries from the motor vehicle accident from the same panel physician who was treating her for the work-related injury. In *Reed v. Glidden Co.*, 13 Pa.Cmwlth. 343, 318 A.2d 376 (Pa.Cmwlth.1974), the Court held that an employee's notice of a June wrist injury was sufficient when he told the company doctor of the injury during a physical that he received in late June or early July. *See also Pittsburgh Steelers Sports, Inc. v. Workers' Compensation Appeal Board (Williams)*, 814 A.2d 788 (Pa. Cmwlth.2002) (citing *Reed* and holding that treatment of claimant's injury by employer's doctor one week after injury had occurred satisfied notice requirements under 77 P.S. § 631). In addition, Gail A. Foltz, a disability management coordinator for PMA Insurance Group, which provides workers' compensation insurance for Employer, testified that Claimant was receiving long-term disability payments for a "lumbar and cervical strain" certified by Dr. Gordon. Foltz Deposition, p. 20; R.R. 203a, 226a–228a. Also, Claimant asserts that her deposition testimony on February

11, 2004 describing her motor vehicle accident, her hospitalization and the blood clot in November 2003 was well within 120 days of the occurrence of the blood clot and likewise provided notice to Employer.

Because the Board erred in determining that Claimant failed to give notice of the injuries that she sustained in the motor vehicle accident while en route to physical therapy, the Board's order denying benefits for these injuries should be reversed. I therefore dissent.

---

**1.** In addition, I question whether Employer's statement in its second appeal document to the Board was sufficient to raise the issue of notice. As was stressed in *McGaffin*, 34 Pa. Code § 111.11(a)(2) requires "[a] statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient." In its second Board appeal, Employer asserted in boilerplate language that Claimant did "not provide testimony concerning the specific incident" and that she "did not offer any evidence, notice or any other element which is necessary to sustain

the granting of a Compensation Petition." The statement is patently incorrect concerning evidence of the specific incident, where Claimant testified that she was involved in a motor vehicle accident on September 9, 2003, when "[a] lady ran into me and hit my car and totalled it" while she was driving "[o]n my way to PT." Claimant's Deposition, February 11, 2004, pp. 22–23; R.R. 22a–23a. Dr. Gordon testified to aggravation of her knee injury and other injuries as a result, and the Board acknowledged this testimony and remanded for further findings relating to it. The mere mention of the word "notice" in an otherwise incorrect general assertion arguably is not a statement with sufficient particularity required by Section 111.11(a)(2).