# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry Whitman,                              :
               Petitioner        :
                              :
         v.                              :   No. 1853 C.D. 2014
                              :   Submitted: May 8, 2015
Workers' Compensation Appeal             :
Board (Bimbo Bakeries),                     :
               Respondent        :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON                FILED: August 13, 2015

          Harry Whitman (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which reversed a decision of the Workers' Compensation Judge (WCJ), thus denying Claimant's claim petition for workers' compensation benefits. For the reasons discussed below, we vacate and remand.

          Claimant began working for Bimbo Bakeries (Employer) in 1992. In 2007, Claimant began experiencing problems with his left leg. In January 2010, Claimant went to see Dr. Tahirul Hoda, M.D., when the pain became overwhelming, and he discovered a lump on the left side of his groin. Dr. Hoda informed Claimant that he could not return to work, and Claimant's last day of employment was January 8, 2010. Dr. Hoda then referred Claimant to Dr. Xiu-Jie Wang, M.D., who diagnosed Claimant with venous insufficiency, edema, and

painful varicose veins in the left groin. Claimant had surgery, but he still experiences constant pain. On February 2, 2012, Claimant filed a workers' compensation claim, which Employer disputed.

Following a hearing, the WCJ made the following pertinent findings of fact:

> 1. On February 2, 2012 the Clamant in this matter filed a Claim Petition which alleges that he sustained a work injury described as left leg chronic venous insufficiency with pain, chronic left inguinal pain and left knee pain. The petition alleges total disability as of January 8, 2010. [Employer] filed a timely Answer, denying all material allegations.
>
> . . . .
>
> 3. It is undisputed the Claimant's last day of work was January 8, 2010 and that he does indeed suffer from left chronic venous insufficiency with left inguinal pain and left knee pain.
>
> . . . .
>
> 5. The Claim Petition which has been filed in this matter alleges that notice was provided to [Employer] on January 8, 2010 in the following manner: "I told the Human Resource Department and the doctor sent correspondence to the Employer."
>
> . . . .
>
> 6. . . . The Claimant testified that in August of 2010 he did have conversations with David White, the manager of the plant, about returning to work. . . .
>
> . . . .
>
> 9. This Judge has carefully considered the testimony of the Claimant and has had the opportunity to evaluate the Claimant's bearing and demeanor. This Judge finds the Claimant to be credible. His testimony is accepted as fact.

. . . .

11. It is found as fact that the Claimant has been disabled as a result of his work injury since January 8, 2010.

12. This Judge has carefully considered the question of notice. It is noted by this Judge that the Claim Petition states that notice was provided by the Claimant to the Employer in a discussion with the Employer and by a letter from Dr. Wang. The letter from Dr. Wang appears attached to the deposition of Dr. Hoda. This Judge has carefully considered this letter and finds that it does not contain the statement that the Claimant suffered from a work injury. Accordingly, this Judge finds that there has been no proof that the Claimant provided notice to [Employer] of his work injury within one-hundred twenty (120) days.

(Reproduced Record (R.R.) 12-13.)

The WCJ then made the following pertinent conclusions of law:

1. The parties to this action are bound by the Pennsylvania Workers' Compensation Act [(Act[1])], as amended.

2. The Claimant has proven by sufficient, competent, and credible evidence that he sustained a work injury in the form of an aggravation of chronic venous insufficiency of the left leg and chronic left inguinal pain. The claimant has proven that he became disabled as a result of this work injury as of January 8, 2010.

3. The Claimant has failed to prove that he gave notice of this injury within one-hundred twenty (120) days as required by the Act. Accordingly, the Claimant is entitled to receive Temporary Total Disability benefits as of February 2, 2012, the date of the filing of the Claim Petition.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

(R.R. 13.) The WCJ then entered an order granting Claimant benefits.

On appeal, the Board reversed the WCJ's decision. The Board noted that the WCJ found Claimant did not provide notice of his work related injury to Employer within one-hundred twenty days, and it concluded that this finding of fact was supported by substantial evidence. The Board, therefore, reversed the WCJ's grant of benefits because failure to provide notice to Employer operates as a bar to relief under Section 311 of the Act.[2]

On appeal[3] to this Court, Claimant argues that the Board erred in reversing the WCJ's grant of benefits and was instead required to remand the case to the WCJ for clarification or explanation, because the Board identified an inconsistency between the WCJ's findings of fact and conclusions of law. Employer argues that there was no inconsistency between the WCJ's findings of fact and conclusions of law, but rather that the WCJ made an error of law when he awarded benefits after finding Claimant failed to notify Employer.

Section 311 of the Act provides, in pertinent part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and

---

[2] 77 P.S. § 631.

[3] This Court's standard of review is limited to determining whether substantial evidence supports the WCJ's necessary findings of fact, whether the Board violated its procedures, and whether any constitutional rights were violated or any error of law was committed. *Mackey v. Workers' Comp. Appeal Bd. (Maxim Healthcare Servs.)*, 989 A.2d 404, 406 n.2 (Pa. Cmwlth.), *appeal denied*, 997 A.2d 1180 (Pa. 2010).

twenty days after the occurrence of the injury, no compensation shall be allowed.

Thus, under Section 311 of the Act, "a claimant must provide notice to the employer of the occurrence of an injury within 120 days of that injury." *Storer v. Workers' Comp. Appeal Bd. (ABB)*, 784 A.2d 829, 831 (Pa. Cmwlth. 2001), *appeal denied*, 793 A.2d 912 (Pa. 2002). Section 311 of the Act is mandatory and bars a claim where the WCJ finds that a claimant failed to provide notice of the work-related injury to the employer within the 120-day timeframe. *Id.* at 832.

Here, the WCJ found that Claimant suffered a work-related injury "in the form of an aggravation of chronic venous insufficiency of the left leg and chronic left inguinal pain," and that as a result of his work-related injury, Claimant was disabled. (R.R. 12-13.) The WCJ also found that Claimant failed to provide notice of his work-related injury to Employer within 120 days as required by Section 311 of the Act. Despite this finding, the WCJ concluded that Claimant was "entitled to receive Temporary Total Disability benefits as of February 2, 2012, the date of the filing of the Claim Petition." (R.R. 13.) The WCJ offered no explanation for this apparent contradiction.

This Court has held that when there is an apparent inconsistency between the WCJ's findings of fact and conclusions of law, the Board should remand the case to the WCJ for explanation and clarification. *See Craftsmen v. Workers' Comp. Appeal Bd. (Krouchick)*, 809 A.2d 434, 438 (Pa. Cmwlth. 2002), *appeal denied*, 823 A.2d 146 (Pa. 2003). As we explained in *Craftsmen*:

> Pursuant to Section 419 of the Act,[4] the Board may remand a case where the WCJ's findings are not

---

[4] Added by the Act of June 26, 1919, P.L. 642, *as amended*, 77 P.S. § 852. Section 419 of the Act provides, in pertinent part: "The board may remand any case involving any question **(Footnote continued on next page…)**

5

supported by substantial evidence or where the WCJ fails to make findings on a crucial issue necessary for the proper application of the law. This section has been viewed as vesting virtually plenary remand power in the Board where it is determined that further factual findings are required to establish the entitlement to an award. Thus, if the Board determines the WCJ's findings are unclear, or if the initial findings do not plainly set forth the basis for rejecting a claim, the Board may remand the case and the WCJ may reverse the original decision.

Moreover, where, as here, a WCJ makes findings that are inconsistent with his legal conclusions, the Board must remand the case for additional findings to clarify the decision.

*Id.* (citations omitted) (internal quotation marks omitted). Thus, because the WCJ did not offer any reasoning or explanation for his decision to award Claimant benefits after finding that Claimant failed to notify Employer within the 120-day timeframe, the Board should have remanded the case to the WCJ for clarification, explanation, or modification.

Accordingly, the order of the Board is vacated, and the matter is remanded to the Board with instruction for further remand to the WCJ in order for the WCJ to clarify, explain, or modify his decision.



P. KEVIN BROBSON, Judge

---

**(continued…)**

of fact arising under any appeal to a [WCJ] to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order."

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry Whitman, :
             Petitioner :
                   :
        v. : No. 1853 C.D. 2014
                   :
Workers' Compensation Appeal :
Board (Bimbo Bakeries), :
             Respondent :

# **O R D E R**

AND NOW, this 13th day of August, 2015, the order of the Workers' Compensation Appeal Board (Board) is hereby VACATED, and the matter is REMANDED to the Board with instructions for further remand to the Workers' Compensation Judge for proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge