Patrick WASHINGTON, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (NATIONAL FREIGHT INDUSTRIES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 2015.

Decided March 4, 2015.

---

Robert A. Huber, Philadelphia, for petitioner.

Jeffrey D. Snyder, Exton, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and MARY HANNAH LEAVITT, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Patrick Washington (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of a Workers' Compensation Judge (WCJ) denying his Claim Petition. We affirm.

From 2007 to February 13, 2011, Claimant was employed by National Freight Industries, Inc. (Employer) as a tractor trailer driver. (WCJ Decision Finding of Fact (F.F.) ¶¶ 1, 4; Claimant Ex. 1 Washington Dep. at 6–8, 34, Reproduced Record (R.R.) at 86a–88a, 114a.) In February 2009, Claimant was injured in an automobile accident unrelated to his work in which his car was rear-ended by another car. (WCJ Decision F.F. ¶¶ 4, 7; Claimant Ex. 1 Washington Dep. at 10–11, 53, R.R. at 90a–91a, 133a; Hearing Transcript (H.T.) at 6, R.R. at 50a.) Claimant missed seven

days of work as a result of that accident, but then returned to work full duty. (WCJ Decision F.F. ¶¶ 4, 7; Claimant Ex. 1 Washington Dep. at 12–13, 38, R.R. at 92a–93a, 118a; H.T. at 6, R.R. at 50a.) Claimant experienced pain in his shoulders, arms and hands after his non-work accident and that pain worsened over time. (WCJ Decision F.F. ¶¶ 4, 7; Claimant Ex. 1 Washington Dep. at 11, 13–15, 35–41, 54–56, R.R. at 91a, 93a–95a, 115a–121a, 134a–136a; H.T. at 7–8, R.R. at 51a–52a.) On February 13, 2011 Claimant stopped working for Employer, contending that he was no longer able to do his job because of the pain. (WCJ Decision F.F. ¶¶ 4, 7; Claimant Ex. 1 Washington Dep. at 13, 24, 34, R.R. at 93a, 104a, 114a; H.T. at 8, R.R. at 52a.) Claimant filed suit against the other driver in the non-work accident, contending that he was no longer able to work as a result of his injuries in that accident. (Claimant Ex. 1 Washington Dep. at 10–11, 74–77, R.R. at 90a–91a, 154a–157a.)

On October 31, 2011, Claimant filed a Claim Petition seeking total disability benefits from February 14, 2011 onward and payment of medical bills under the Workers' Compensation Act (the Act),[1] asserting that he suffered "aggravation of neck, shoulders, arms, hands and bilateral carpal tunnel syndrome" as a result of repetitive motion, lifting and driving in his work. (Claim Petition ¶¶ 1, 4–5, 14, R.R. at 183a–184a; WCJ Decision F.F. ¶ 2.) The Claim Petition listed Employer's address as 72 West Park Avenue, Vineland, New Jersey, and the Claim Petition was mailed by the Bureau of Workers' Compensation (Bureau) on November 3, 2011 to Employer at that address. (Id., R.R. at 183a; H.T. at 32–33, R.R. at 76a–77a.) Employer's address is not 72 West Park Avenue, Vineland, New Jersey, and is a different number address on the same street, 71 West

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

Park Avenue, Vineland, New Jersey. (H.T. at 32–33, R.R. at 76a–77a; Answer to Claim Petition.) Employer filed an answer to the Claim Petition denying Claimant's allegations on December 16, 2011, 43 days after the Bureau mailed the Claim Petition. (H.T. at 32, R.R. at 76a; Answer to Claim Petition.) There is no evidence in the record as to when or how Employer received the Claim Petition or notice of its filing.

The WCJ held an evidentiary hearing on September 20, 2012 at which Claimant testified and also received testimony by trial deposition of Claimant and two medical witnesses. At the close of the hearing, the issue arose as to whether Employer was barred from disputing the factual allegations of the Claim Petition under *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 56 Pa. Cmwlth. 1, 423 A.2d 1125 (1981), and Section 416 of the Act, 77 P.S. § 821, because its answer was not filed within 20 days of the mailing of the Claim Petition. Although no motion by Claimant to bar Employer appears in the record, Claimant asserted at the evidentiary hearing that he had raised this issue at an earlier hearing and that the issue had not been resolved. (H.T. at 32, R.R. at 76a.)[2] The WCJ stated that the Bureau mailed the Claim Petition to Employer on November 3, 2011 and it had not been returned by the postal authorities. (Id. at 32–33, R.R. at 76a–77a.) In addition, the parties stipulated at the hearing that the address to which the Claim Petition was mailed was not Employer's address and was off by one number. (Id. at 33, R.R. at 77a.) Claimant did not introduce any evidence at the hearing as to what is located at the 72 West Park Avenue address to which the Claim Petition was sent, and the WCJ gave the

parties 60 days to brief the issue of whether Employer's answer was untimely "if you don't come to an agreement among yourselves" on the issue. (Id. at 32–35, R.R. at 76a–79a.) No such brief from either party appears in the record nor is there any indication in the record that any further evidence was submitted to the WCJ on this issue by either party.

On December 4, 2012, the WCJ issued a decision denying the Claim Petition. The WCJ found the testimony of Claimant and his medical expert, Dr. Jaeger, credible with respect to Claimant's symptoms and injuries from the non-work accident. (WCJ Decision F.F. ¶¶ 7–8.) The WCJ, however, rejected as not credible Dr. Jaeger's opinions that Claimant's work for Employer contributed to those injuries and found credible Employer's medical expert's opinion that Claimant's condition was caused solely by the non-work accident. (WCJ Decision F.F. ¶¶ 8–9.) The WCJ concluded that Claimant had therefore not satisfied his burden of proving that he had suffered a work-related disability. (Id. F.F. ¶ 10, Conclusion of Law ¶ 2.) The WCJ did not discuss or rule on Claimant's contention that Employer's answer was filed late.

■ Claimant appealed to the Board, arguing as the sole ground for reversal that Employer's answer was late and that the WCJ erred in failing to rule on and grant his request to bar Employer from contesting that his injury was work-related. (Claimant's Appeal from WCJ Findings of Fact & Conclusions of Law.) On May 28, 2014, the Board affirmed the WCJ's denial of the Claim Petition, holding that Claimant had failed to show that Employer's answer was late because the Claim Petition was not mailed to Employ-

---

2. Two prior hearings were held before the WCJ, on December 13, 2011 and January 19, 2012, but no record was made of either of those hearings. (WCJ Decision at 2.)

er's correct address and denying a request by Claimant to remand the case to the WCJ to permit him to submit additional evidence concerning the address to which the Bureau had mailed the Claim Petition. (Board Opinion at 3–5.) This appeal followed.[3]

In this appeal, Claimant argues, as he did before the Board, that Employer's answer was filed late and the WCJ therefore erred in permitting Employer to contest that Claimant's injury was work-related. We do not agree.

Section 416 of the Act provides:

*Within twenty days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its workers' compensation judge an answer in the form prescribed by the department.*

*Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him* . . . .

77 P.S. § 821 (emphasis added). When an employer fails to file an answer within that statutory period without adequate excuse, every well-pleaded factual allegation in the claim petition is admitted as true and the employer is barred from presenting affirmative defenses and from challenging the factual allegations in the claim petition. *Chik–Fil–A v. Workers' Compensation Appeal Board (Mollick)*, 792 A.2d 678, 688 (Pa.Cmwlth.2002); *Ghee v. Workmen's Compensation Appeal Board (University of Pennsylvania)*, 705 A.2d 487, 491 (Pa.Cmwlth.1997) (*en banc*); *Heraeus Electro Nite Co. v. Workmen's Compensation Appeal Board (Ulrich)*, 697 A.2d 603, 608 (Pa.Cmwlth.1997) (*en banc*); *Yellow*

*Freight*, 423 A.2d at 1127–28. If the employer's answer is found untimely, the employer may challenge only the legal sufficiency of the claimant's claims, elements of the claim that are not well pleaded, and facts, such as continuing disability, with respect to time periods after the date that the answer was due. *Chik–Fil–A*, 792 A.2d at 688–89; *Ghee*, 705 A.2d at 491–92; *Heraeus Electro Nite Co.*, 697 A.2d at 608–09.

Contrary to Claimant's contentions, he did not show that Employer's December 16, 2011 answer was untimely. The 20–day period within which the employer is required to file its answer begins to run when the Bureau serves the claim petition on the employer. *Ghee*, 705 A.2d at 489; *Ross v. Workmen's Compensation Appeal Board (Allied Signal Corp.)*, 151 Pa. Cmwlth. 75, 616 A.2d 155, 157–58 (1992). The record showed that the Bureau mailed the Claim Petition to Employer on November 3, 2011. (H.T. at 32, R.R. at 76a.) It was undisputed however, that the address used by the Bureau in this mailing was *not* Employer's correct address. (*Id.* at 33, R.R. at 77a.)

Under both the common law "mailbox rule" and the Act, proof of mailing raises a presumption that the mailed item was received only if it is shown that the item was mailed to the party's correct address. Section 406 of the Act, 77 P.S. § 717; *In re Rural Route Neighbors*, 960 A.2d 856, 861 (Pa.Cmwlth.2008) (under "common law 'mailbox rule,' . . . depositing in the post office of a *properly addressed* letter with prepaid postage raises a natural presumption that the letter reached its destination by due course of mail") (emphasis added); *Storer v. Workers' Com-*

---

**3.** Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Ghee v. Workmen's Compensation Appeal Board (University of Pennsylvania)*, 705 A.2d 487, 489 n. 5 (Pa.Cmwlth.1997) (*en banc*).

*pensation Appeal Board (ABB),* 784 A.2d 829, 833 (Pa.Cmwlth.2001) (claimant's testimony that he mailed a letter did not establish that notice was given where his testimony did not show, *inter alia,* "whether the letter was properly addressed"). Under the Act, only a mailing to a party's correct address constitutes service on the date of mailing. 77 P.S. § 717; 34 Pa. Code § 111.3(a). Section 406 of the Act provides that

> any notice or copy shall be deemed served on the date when mailed, *properly* stamped and *addressed,* and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails.

77 P.S. § 717 (emphasis added). *See also* 34 Pa.Code § 111.3(a) ("If service is by mail, it is deemed complete upon deposit in the United States mail, as evidenced by a United States Postal Service postmark, *properly addressed,* with postage or charges prepaid") (emphasis added). Where the claim petition is mailed to an incorrect address, an answer is not untimely simply because it was filed more than 20 days after that mailing, and Section 416 of the Act does not bar the employer from denying and fully contesting the allegations of the claim petition absent other proof that the claim petition was received more than 20 days before the answer. 77 P.S. § 717; *Abex Corp. v. Workmen's Compensation Appeal Board (Scears),* 665 A.2d 845, 846–48 (Pa.Cmwlth. 1995) (*en banc*). Because the Board's mailing to an incorrect address did not constitute service as of the date of mailing and there was no evidence submitted to the WCJ that Employer received the Claim Petition more than 20 days before December 16, 2011, Employer's answer was timely and the WCJ properly adjudi-

cated the Claim Petition on the merits without deeming any facts admitted by Employer.

■ Claimant contends that the error in the address should have been disregarded because the 72 Park Avenue address to which the Claim Petition was mailed is allegedly a property owned by a corporation, Vineland Construction Company, that is allegedly an affiliate of Employer and because a different letter sent to Employer at the 72 Park Avenue address after Employer filed its answer in this case was received by Employer. This argument fails for two reasons. First, no such evidence was submitted to the WCJ before he issued his decision on the Claim Petition. Instead, Claimant attempted to introduce this evidence and raise these arguments for the first time on appeal to the Board. The Board denied Claimant's request to submit this evidence on the ground that it could have been obtained and submitted prior to the closing of the record. (Board Opinion at 5.) The Board has broad discretion to grant or deny a rehearing to permit introduction of additional evidence, and it is not required to permit a party to introduce previously available evidence to attempt to cure a failure to satisfy his burden of proof before the WCJ. *Galayda v. Workmen's Compensation Appeal Board (Corning, Inc.),* 671 A.2d 1190, 1192 n. 2 (Pa.Cmwlth.1996); *Paxos v. Workmen's Compensation Appeal Board (Frankford– Quaker Grocery),* 158 Pa.Cmwlth. 355, 631 A.2d 826, 831 (1993). The Board acted well within its discretion in rejecting Claimant's request to submit this additional evidence.

■ Secondly, neither of these alleged facts would support a finding that the Claim Petition was properly served or that Employer received the Claim Petition more than 20 days before it filed its an-

swer. Service of a document on an address owned by an affiliate of a corporation does not constitute service on the corporation itself. *Delaware Valley Surgical Supply Co. v. Geriatric & Medical Centers*, 450 Pa. 239, 299 A.2d 237, 239 (1973). The mere fact that one piece of mail sent to an erroneous address successfully reached a party after it knew that its mail was being sent to that address does not support an inference that *all* mail sent to the erroneous address was promptly received by that party.

Claimant also argues that he was denied the opportunity to submit evidence that Employer's answer was untimely because the WCJ allegedly led him to believe that he had satisfied his threshold burden of proof. This argument is unsupported by the record. The record of the evidentiary hearing is clear that the WCJ made no determination as to whether and when Employer had been served. (H.T. at 32–34, R.R. at 76a–78a.) While the WCJ did state that the Claim Petition was mailed on November 3, 2011 and that it was not returned, it was also stipulated by the parties that this mailing was not properly addressed and the question of whether and when Employer received the mailing was left unresolved. (*Id.*) Moreover, the WCJ directed both parties to make submissions on the issue of whether Employer's answer was timely unless the dispute was resolved by agreement. (*Id.* at 33–35, R.R. at 77a–79a.) Claimant thus had both notice that he had not shown when Employer was served with the Claim Petition and the opportunity to submit further evidence on the timeliness of Employer's answer if he wished to do so.

For the foregoing reasons, we conclude that the Board correctly held that Employer was not barred from challenging the facts pleaded in Claimant's Claim Petition and that the WCJ did not err in denying

the Claim Petition. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 4th day of March, 2015, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.