IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jesse R. May, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No.  1511 C.D. 2022 |
| | : | |
| Dana Corporation (Workers' | : | Submitted:  December 4, 2023 |
| Compensation Appeal Board), | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                   FILED: January 12, 2024


Jesse R. May (Claimant), *pro se*, petitions for review from the November 9, 2022 order of the Workers' Compensation Appeal Board (Board), which denied his petition for rehearing.  In his petition, Claimant sought a rehearing of the Board's March 31, 2021 order affirming a decision and order of the Workers' Compensation Judge (WCJ), which denied Claimant's *pro se* penalty petition, petition to review compensation benefits, and petition to review medical treatment and/or billing (collectively, Petitions).  After careful review, we affirm.

## I. Facts and Procedural History

This Court has already issued a final order, disposing of Claimant's prior appeal on the merits; therefore, we cite to our July 21, 2022 opinion and summarize the facts as follows:

On August 1, 2018, Claimant, *pro se*, filed the Petitions against Dana Corporation (Employer), which were consolidated and assigned to a WCJ. By interlocutory order dated November 6, 2018, the WCJ granted the motion to withdraw that was filed by Claimant's former counsel, with Claimant's agreement and decision to proceed *pro se*. Notably, at all times relevant to the history surrounding these proceedings, Claimant was represented by his former counsel and, with the assistance of said counsel, executed four Compromise and Release (C&R) Agreements in 2003. The C&R Agreements were approved by a WCJ after the WCJ confirmed, at hearings and based on Claimant's own credible testimony, that Claimant entered the agreements with full understanding of their terms, conditions, and legal significance. In the four C&R Agreements[,] . . . Claimant agreed to resolve wage loss benefits for work-related injuries that he sustained on four different dates, January 29, 1990, September 15, 1990, October 8, 1993, and March 11, 1999. However, **Claimant reserved the right to receive continuing payment from Employer for medical expenses for these injuries, with the exception of the C&R Agreement pertaining to his 1993 work-related injury.** Essentially, in his Petitions, Claimant alleged that Employer failed to pay certain medical bills under the C&R Agreements and sought to set aside or otherwise void the four C&R Agreements.

[T]he WCJ denied the Petitions. In so doing, the WCJ first acknowledged that Employer technically failed to pay a few medical expenditures that were covered under the C&R Agreements, but the WCJ found that the missed payments were inadvertent and may have been due to improper coding. Otherwise, the WCJ determined that the remaining medical bills that Claimant submitted were for injuries that were not acknowledged or were terminated as a result of the C&R resolution. . . .

Concerning Claimant's contention that the C&R Agreements should be voided, the WCJ correctly cited case law from this Court explaining that, in order to set aside a C&R agreement, the moving party, here Claimant, must show that the agreement was entered into through mutual mistake, or that he was the victim of fraud, duress, misrepresentation, concealment, or deception. [The WCJ] determine[d] that

2

Claimant failed to satisfy his burden of proof in this regard. . . .

. . . .

[T]he WCJ denied the Petitions, concluding that Claimant failed to establish that Employer intentionally failed to pay reasonable and necessary medical bills, that Employer violated the [Workers' Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4, 2501-2710], or that the C&R Agreements should be set aside.

Thereafter, Claimant appealed to the Board, arguing that the WCJ did not issue a reasoned decision because the WCJ failed to adequately explain why he rejected Claimant's testimony that he was deceived into signing the C&R Agreements and/or signed them under duress or coercion. . . .

After recounting Claimant's testimony and arguments related thereto, the Board concluded that the WCJ issued a reasoned decision, pursuant to section 422(a) of the Act, 77 P.S. § 834[.][1]

. . . .

In addition, the Board rejected Claimant's assertion that the C&R Agreements should be voided as a result of fraud . . . determining that Claimant failed to submit sufficient, credible evidence to establish this contention. Next, the Board addressed Claimant's argument that he only signed the C&R Agreements based on his belief that they were not binding, and Employer would continue to remain liable for medical expenses in connection with his 1993 work-related injury. In dismissing these assertions, the Board noted that the WCJ who approved the C&R Agreements in 2003 specifically found that Claimant understood the C&R Agreements after hearing Claimant's live testimony in 2003

---

[1] Section 422(a) of the Act provides, in pertinent part:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached.

77 P.S. § 834.

3

and, because Claimant did not appeal the WCJ's 2003 decision and order, the WCJ's determination that Claimant understood the full legal significance of the C&R Agreements is final. To the extent that Claimant contended the C&R Agreements were the result of a mutual mistake of fact, the Board disagreed . . . . Finally, the Board noted that Claimant did not contest the WCJ's determinations that he failed to demonstrate that Employer violated the Act in declining to pay for work-related medical expenses, and seemingly determined that these issues were waived. *See Arnold v. Workers' Compensation Appeal Board (Baker Industries)*, 859 A.2d 866, 871 (Pa. Cmwlth. 2004).

Accordingly, the Board affirmed the WCJ's order denying Claimant's Petitions. Subsequently, Claimant filed a *pro se* petition for review in this Court.

*May v. Dana Corporation (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 575 C.D. 2021, filed July 21, 2022), slip op. at 1-3 (emphasis added).

On review, we affirmed the Board's order and concluded that the WCJ's decision was reasoned, the WCJ's findings of fact were supported by substantial evidence, and no error of law was committed by the WCJ in rendering his determination. Additionally, we stated:

[T]he WCJ determined that Claimant's current testimony was directly contradicted by the transcript of the 2003 hearing in which Claimant credibly testified that he understood the full legal significance of the C&R Agreements, and, also, the plain language of the C&R Agreements themselves. *See Benginia v. Workers' Compensation Appeal Board (City of Scranton)*, 805 A.2d 1272, 1279 & n.14 (Pa. Cmwlth. 2002). Moreover, for essentially the same reasons, the WCJ found that Claimant failed to adduce credible evidence establishing that the C&R Agreements should be set aside due to fraud, duress, or deception, or that the parties committed a mutual mistake of fact. In short, the WCJ's findings in these regards rested solely upon the WCJ's determination that Claimant's testimony was not credible. And, because this Court has no basis upon which to disturb the WCJ's credibility determination, we cannot conclude that the WCJ erred in

4

failing to set aside the C&R Agreements. *See Farner v. Workers' Compensation Appeal Board (Rockwell International)*, 869 A.2d 1075, 1078-79 (Pa. Cmwlth. 2005). Consequently, the C&R Agreements remain valid and binding, and we agree with the Board that the WCJ did not err in denying Claimant's Petitions.

*Id.*, slip op. at 5.

Claimant did not file a request for review of this Court's opinion and order to the Supreme Court. Instead, Claimant filed a rehearing petition with the Board on September 30, 2022. Subsequently, the Board denied the rehearing petition and did not specify reasons for the denial. This appeal followed.

## II. Issues

Claimant raises the following issues in this appeal: (1) whether the Board exceeded its discretion by denying him the right to a rehearing, and (2) whether the denial of a rehearing is a violation of his constitutional right to due process.

## III. Analysis

The factual basis for all of the Petitions was Claimant's contention that he was not aware that the October 8, 1993 injury was not a part of the four C&R Agreements executed by him with the help of his counsel. Claimant alleges that he would not have testified that he understood the terms and conditions of the C&R Agreements if he knew Employer would not be responsible for paying those future medical bills. Therefore, Claimant argues that the Board abused its discretion and should have granted a rehearing on grounds of newly discovered evidence. Claimant asserts that he is in possession of two newly discovered documents, allegedly previously concealed from him, that warrant a rehearing: (1) the First Hearing Filing;

5

and (2) Employer's Answer to Claimant's Petition to Review Medical Treatment and/or Billing.[2]

Claimant argues that, considering the humanitarian and remedial purpose of the Act, this Court is empowered to permit the Board to conduct a rehearing and relies upon Section 426 of the Act, which provides in pertinent part:

> The [B]oard, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the [B]oard has made an award or disallowance of compensation or other order of ruling, or upon which the [B]oard has sustained or reversed any action of a [WCJ] . . . .

77 P.S. § 871. We disagree with Claimant's assertion.

While the Board has broad authority under Section 426 of the Act to grant a rehearing, *Izzi v. Workmen's Compensation Appeal Board (Century Graphics)*, 654 A.2d 176 (Pa. Cmwlth. 1995), that authority is divested in the event that this Court issues a final order in the same case. Once this Court has entered a final order in a case, the Board is divested of jurisdiction and cannot grant a rehearing even within the 18-month period allowed by the Act. *Cantera v. Worley & Obetz (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 835 C.D. 2020, filed July 13, 2021); *see also Smiths Implements, Inc. v. Workmen's Compensation Appeal Board (Leonard)*, 673 A.2d 1039 (Pa. Cmwlth. 1996); *Kuriakose v. Workmen's Compensation*

---

[2] Only Employer's Answer to Claimant's Petition to Review Medical Treatment and/or Billing is part of the Reproduced Record. Both of these documents appear in the agency record. The First Hearing Filing is a form that was filed by Employer's counsel seeking to compel Claimant's attendance at an independent medical examination. The second document is Employer's Answer to Claimant's Petition to Review Medical Treatment and/or Billing, in which Employer denied all allegations in Claimant's Petition to Review Medical Treatment and/or Billing, specifically that Claimant's condition had worsened, that there are unpaid bills, and that Claimant is entitled to review all aspects of his settlement, which was conducted in a hearing before the WCJ in December 2003. Both documents reference September 15, 1990, as the date of the injury. Claimant does not provide any intelligible argument as to how either of these documents would have changed the outcome of his case.

6

*Appeal Board (J.F. Kennedy Hospital)*, 681 A.2d 1389 (Pa. Cmwlth. 1996) (holding that the entry of a final order by this Court divests the Board of jurisdiction to grant a petition for rehearing). When this Court enters an order deciding an appeal, that order is final. Such an order remains final until it is reversed by the Supreme Court. *Kuriakose*, 681 A.2d at 1391-92.[3]

Here, the Board issued its order on March 31, 2021, wherein it affirmed the WCJ's order and decision denying and dismissing Claimant's Petitions. On July 21, 2022, this Court affirmed the Board's order, and Claimant did not seek review in the Supreme Court. Subsequently, Claimant filed his petition for rehearing with the Board on September 30, 2022, at the point when the Board lacked jurisdiction to entertain such a petition due to the final order of the Court disposing of the appeal on the merits. Therefore, because this Court had entered a final order, the Board lacked jurisdiction to entertain a petition for rehearing.

Alternatively, even if Claimant's petition for rehearing was filed at a point when the Board did not lack jurisdiction to entertain such a petition due to the final order of the Court disposing of the appeal on the merits, we still fail to see how the allegations set forth warrant a rehearing.

The grant or denial of a rehearing is generally within the discretion of the Board, and the Board will be reversed only for an abuse of discretion. *Cudo v. Hallstead Foundry, Inc.*, 539 A.2d 792 (Pa. 1989); *City of Philadelphia v. Workers' Compensation Appeal Board (Harvey)*, 994 A.2d 1 (Pa. Cmwlth. 2010); *Payne v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 928 A.2d 377 (Pa. Cmwlth. 2007). A rehearing is not allowable (1) for the purpose of strengthening weak proofs

---

[3] An order of the Commonwealth Court could also be reversed following reconsideration or reargument before an en banc panel of this Court. Pa.R.A.P. 2543; Commonwealth Internal Operating Procedure 291, 210 Pa. Code § 69.291.

7

that have already been presented, (2) to permit a party to introduce previously available evidence to attempt to cure a failure to satisfy a party's burden of proof, or (3) for the purpose of hearing additional testimony that is merely cumulative. *Washington v. Workers' Compensation Appeal Board (National Freight Industries, Inc.)*, 111 A.3d 214 (Pa. Cmwlth. 2015); *Paxos v. Workmen's Compensation Appeal Board (Frankford-Quaker Grocery)*, 631 A.2d 826 (Pa. Cmwlth. 1993). Nonetheless, the Board must grant a rehearing where justice requires. *See Sun Oil Co. v. Workmen's Compensation Appeal Board (Thompson)*, 631 A.2d 1084 (Pa. Cmwlth. 1993) (appropriate means to present after-discovered evidence is a rehearing petition; decision to grant or deny rehearing is within the Board's discretion; however, the Board must do so when justice requires). The Board may grant rehearing to correct a mistake of law or its misapprehension of an issue. 77 P.S. § 871; *see also Izzi*, 654 A.2d at 180 n. 1 (dissenting opinion).

Here, Claimant argues that he could not have obtained the newly discovered evidence by reasonable diligence as he was erroneously told that he did not have access to the Workers' Compensation Automation and Integration System (WCAIS), where the documents were stored, until his daughter was able to log into the system during the pandemic.[4] (Claimant's Brief at 7-2.) Additionally, Claimant asserts that Employer's counsel neglected to provide him with the requested documents. *Id.* at 7-1. Claimant contends that this proves that the documents were concealed from him. Claimant attempts to show how these two documents would have changed the outcome of the case. First, with respect to "the First Hearing Filing," which states, "although indemnity has been resolved, Employer remains responsible for medical

---

[4] This Court has spent a considerable amount of time trying to understand Claimant's argument. After concluding that the argument is intelligible, we provide direct quotes from his brief to avoid misstating Claimant's words.

treatments that are causally related to four separate dates of injury and it is entitled to have [C]laimant examined to determine the current status of [C]laimant's injuries," Claimant argues that this language proves that Employer is still responsible for the medical bills related to his October 8, 1993 injury, and in turn, it nullifies the WCJ's credibility determination in Finding of Fact No. 12. *Id.* Finding of Fact No. 12 states:

> Based upon the evidence of record, notwithstanding Claimant's assertion that he did not understand and was railroaded into the [A]greements, there is no indication of that in the record before me except Claimant's assertion. The [evidentiary] record from the C&R approval hearing and the four [A]greements with their specific and clear provisions belie that claim. His allegations are contrary to facts of record. I find that Claimant was aware of the full legal significance of the four [A]greements and their effect upon his rights when he testified on December 19, 2003.

(WCJ's Finding of Fact (F.F.) No. 12.) Additionally, Claimant argues that concealment of this document allowed Employer's counsel to make false and misleading statements surrounding the case involving the injury at issue (October 8, 1993). (Claimant's Brief at 7-2.) Regarding "Employer's Answer to Claimant's Petition to Review Medical Treatment and/or Billing," Claimant asserts that the concealment of this document "denied him arguing not only his case but questions how the court proceeded." *Id.*

We fail to see how the allegations set forth by Claimant warrant a rehearing. Particularly, it is difficult to decipher how Claimant alleges "after[-]discovered" evidence would have impacted the credibility determinations of the WCJ. *Cisco v. Workmen's Compensation Appeal Board (A&P Tea Co.)*, 488 A.2d 1194, 1196 (Pa. Cmwlth. 1985) (stating that the Board cannot be said to have abused its discretion in denying a request for a rehearing where a "[c]laimant has failed to show how the newly discovered evidence could change the outcome of the case"). At all times pertinent, Claimant was represented by counsel, Claimant executed every C&R

9

Agreement and the stipulation, and testified at the December 19, 2003 hearing before the WCJ that he understood the terms of each of the Agreements. (WCJ's F.F. No. 8.) The four Agreements resolved four work-related injuries that Claimant sustained on four different dates, January 29, 1990, September 15, 1990, October 8, 1993, and March 11, 1999. *Id.* at 4. The December 19, 2003 order approving the four Agreements, was a custom order, which, *inter alia*, set forth that Employer would remain responsible for reasonable and necessary medical expenses for all the injuries **with an exception of the October 8, 1993 injury**. *Id.* at 5. **The October 8, 1993 injury was not included in the order as remaining open for medical bills.** *Id.* at 7. The WCJ found that Claimant was aware of the full legal significance of the Agreements and their effect upon his rights. Accordingly, the Board affirmed the WCJ concluding no reversible error. Finally, and most importantly, this Court agreed with the Board that the WCJ did not err in denying Claimant's Petitions. More specifically we stated:

> Here, we agree with the Board that the WCJ issued a reasoned decision in rejecting Claimant's testimony as not credible. More specifically, the WCJ determined that Claimant's current testimony was directly contradicted by the transcript of the 2003 hearing in which Claimant credibly testified that he understood the full legal significance of the C&R Agreements, and, also, the plain language of the C&R Agreements themselves. *See* [*Benginia*, 805 A.2d at 1279 & n.14]. Moreover, for essentially the same reasons, the WCJ found that Claimant failed to adduce credible evidence establishing that the C&R Agreements should be set aside due to fraud, duress, or deception, or that the parties committed a mutual mistake of fact. In short, the WCJ's findings in these regards rested solely upon the WCJ's determination that Claimant's testimony was not credible. And, because this Court has no basis upon which to disturb the WCJ's credibility determination, we cannot conclude that the WCJ erred in failing to set aside the C&R Agreements. *See* [*Farner*, 869 A.2d at 1078-79]. Consequently, the C&R

10

Agreements remain valid and binding, and we agree with the Board that the WCJ did not err in denying Claimant's Petitions.

*May*, slip op. at 5.

## IV. Conclusion

Based on the forgoing, we are unable to conclude that the Board erred in denying Claimant's rehearing petition. Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse R. May,        :
      Petitioner    :
             :
  v.          :  No.  1511 C.D. 2022
             :
Dana Corporation (Workers'   :
Compensation Appeal Board),   :
      Respondent  :

## ***ORDER***

    AND NOW, this 12th day of  January, 2024, the November 9, 2022 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

            _____
            PATRICIA A. McCULLOUGH, Judge